Jack Rosenberg, J.
This is a motion to dismiss the indictment made under subdivision 1 of GPL 210.35 and subdivision 1 of GPL 210.40 due to the failure of the District Attorney to comply with the requirements of GPL 190.50, or in the alternative return the matter to the Criminal Court, Bronx County.
In the instant case, the defendant was arrested on August 12, 1972. Felony charges were reduced to misdemeanors on August 15, 1972 in Criminal Court, Bronx County, as a result of an agreement between the prosecution and the defense, in exchange for which the defendant waived his right to a preliminary hearing. The case was presented to the Bronx County Grand Jury on September 19, 1972, and they filed the aforementioned indictment against the defendant on September 21, 1972. The defendant was then arraigned on October 11, 1972. He never received notice of the Grand Jury action so that he could exercise his right, under GPL 190.50, to appear before it.
Defendant contends that the District Attorney is either bound by his original promise to the defendant or the case should be returned to the Criminal Court for a preliminary hearing. However, there is no absolute right to enforce bargains entered into between the prosecution and the defense. Santobello v. New York (404 U. S. 257 [1971]) cannot be construed as providing a basis for such a right.
In Santobello, the United States Supreme Court recognized that the disposition of criminal charges by agreement between the prosecutor and the accused is an essential component óf the administration of justice and, when properly administered, it is to be encouraged. The process, moreover, must be attended by safeguards to insure the defendant what is reasonably due under the circumstances. But Santobello does not give the defendant an absolute right to specific performance of all bargains entered into between the defense and the District Attorney. It merely provides that where the defendant has entered a guilty plea in reliance upon that bargain, the defendant has a right either to withdraw his guilty plea and plead anew, or insist on enforcement of the agreement.
In that case, the defendant, after being indicted on two felony counts and after negotiating with the prosecuting attorney, withdrew his not guilty plea and entered a guilty plea to a lesser included offense. In exchange, the prosecutor agreed to make no recommendation as to the sentence to be imposed. The trial court accepted the guilty plea and set a date for sentencing, which was later postponed. A new prosecuting attorney appeared in the case and, apparently unaware of the agreement, *1042 recommended that the maximum one-year sentence he imposed. Although the defendant objected and sought adjournment of the sentencing hearing, the Judge stated that he was not influenced by the prosecutor’s recommendation and imposed the ■maximum sentence on the basis of a presentence report. The Supreme Court vacated the judgment and remanded the case to the State court to decide whether the circumstances required ■only that there be specific performance of the agreement on the plea, in which event the defendant should be resentenced before a different Judge, or whether the relief sought by the defendant as to withdrawing his guilty plea should be granted, in which case the defendant would plead anew to the original charge on two felony counts.
It must be noted that when a defendant has pleaded guilty on the basis of a bargain between the prosecution and defense, he has relinquished some extremely significant constitutionally-protected rights in reliance upon the prosecutor’s promise. This ' is not the situation in the instant case. The District Attorney has refused to adhere to his agreement to reduce the charges against the defendant from felonies to misdemeanors, it is true, but there is no authority which goes so far as to require a prosecutor’s promise to be enforced under all circumstances, regardless of the stage of the proceedings reached, and whether or not the defendant has pleaded guilty. In this respect, it is necessary to determine how the defendant has been prejudiced. He has not pleaded guilty to any charges; he has not, in fact, lost any rights to which he would otherwise be entitled were it not for the District Attorney’s promise.
Subdivision 2 of CPL 180.10 states that “ The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right.” Here the defendant waived his right to a preliminary hearing in exchange for a reduction in the charges against him from felonies to misdemeanors. Certainly, it would appear to follow that the defendant may now withdraw his waiver, since the prosecution has failed to carry out its part of the agreement. But the defendant has not lost any rights as a result of the agreement, except that he no longer has the .District Attorney’s promise to reduce the charges. The fact that no preliminary hearing has been held does not alter this .situation.
Even had the defendant been provided with a preliminary hearing and, at that hearing, the charges against him had been dismissed, the Grand Jury would still have been entitled. to *1043 indict. As the court stated in People v. Edwards (19 Misc 2d 412 [1959]), a Magistrate’s preliminary hearing is distinct from a Grand Jury’s inquiry and is not necessary in order to indict, since accusations of crime may, in the first instance, be presented to a Grand Jury for deliberation.
In People v. Jackson (48 Misc 2d 1026 [1965]), the defendant was arraigned on an indictment. He moved for a preliminary hearing, since he was allegedly deprived of one upon his arraignment in the New York City Criminal Court. The court denied the request, explaining that the purpose of a preliminary hearing was to prevent improper commitment. To that end a Magistrate would determine whether there was probable cause for holding the defendant until the Grand Jury had had an opportunity to act in the matter. If, prior to a preliminary hearing, the Grany Jury indicts, the purpose of the hearing has been accomplished, since the Grand Jury may only indict on legal evidence sufficient in its judgment to warrant a conviction by a trial jury.
The absence of a preliminary hearing in a criminal prosecution has been held not to constitute a denial of due process. (Matter of Widziewicz v. Golding, 52 Misc 2d 837 [1966].) The People may submit a case to the Grand Jury despite the pendency of a preliminary hearing, and an indictment will supersede any prior proceedings in the lower court. (People v. Hobbs, 50 Misc 2d 561 [1966].) A defendant has no constitutional or statutory right to a preliminary hearing, and on indictment will supersede any prior proceedings in the lower court. (People v. Hobbs, supra.) A defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (People v. Abbatiello, 30 A D 2d 11 [1968].)
If, in exchange for the promise from the District Attorney, the defendant had relinquished some meaningful right or rights to which he would otherwise have been entitled, then steps would have had to be taken to restore him to the position he was in prior to the understanding with the prosecution, or else specific performance of the agreement might have been appropriate. But in the instant case, the defendant has lost no rights or been prejudiced in any way, except that he is now confronted with felony charges instead of misdemeanors, exactly the position he was in at the start of the proceedings against him.
The cases cited by defendant, Coleman v. Alabama (399 U. S. 1 [1970]), and People v. Richardson (31 N Y 2d 748 [1972]) deal with the issue of whether a preliminary hearing is a critical state of a criminal proceeding for the purpose of right to counsel and are thus inapplicable here.
*1044 The defendant also claims that the District Attorney was obligated to give him notice so he could appear before the Grand Jury. It is the contention of the prosecution, however, that the defendant waived his right under CPL 190.50 by failing to make his motion within the required five-day period.
Subdivision 5 of CPL 190.50 provides: ‘ ‘ Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in the subdivision:
“(a) * * * the district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein; * * *
“ (c) Any indictment or direction to file a prosecutor’s information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment or, as the case may be, upon the prosecutor’s information resulting from the grand jury’s direction to file the same. If the contention is not so asserted in timely fashion, it is waived and the indictment or prosecutor’s information may not thereafter be challenged on such ground.”
On its face, the statute is very clear. If a motion pursuant to section 190.50 is not made within the required five-day period, any objection which the defendant might have is thereby waived. As the court declared in People v. Napoli (67 Misc 2d 1010 [1971]), the five-day deadline for making a motion to dismiss on the ground of failure to accord the defendant an opportunity to testify before the Grany Jury was established to separate those with a sincere desire to testify from those with no such intention. Moreover, the five-day deadline for making such a motion is not unduly restrictive, the court concluded.
Notwithstanding section 190.50, the court, in the present case is not precluded from dismissing the indictment. Two other sections of the CPL are applicable in this regard.
*1045 Subdivision 1 of CPL 210.20 states that “After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (i) Dismissal is required in the interest of justice, pursuant to section 210.40.”
Section 210.40 provides for a dismissal in the interest of justice upon the court’s own motion. According to the statute,
‘ ‘ 1. An indictment or any count thereof may be dismissed in furtherance of justice, as provided in paragraph (i) of subdivision one of section 210.20 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon- such indictment or count would constitute or result in injustice.
“ 2. An order dismissing an indictment in the interest of justice may be issued upon motion of the people or of the court itself as well as upon that of the defendant. Upon issuing such an order, the court must set forth its reasons therefor upon the record.”
The question then becomes: Do the facts in the instant case warrant a dismissal under section 210.40?
In People v. Lazar (51 Misc 2d 233 [1966]), dealing with section 250 of the Code of Criminal Procedure, from which the present section 190:50 was partly derived, the court stated that while no absolute duty rests upon the District Attorney to inform a prospective defendant of a grand jury proceeding, it is incumbent upon the District Attorney to act fairly in order that justice may be done. The fair' administration of justice, the court declared, requires that a defendant not be deprived of his rights to testify before the Grand Jury because the District Attorney had in secret decided to remove the proceedings from the criminal courts to the Grand Jury room. The. obligation of the District Attorney to act fairly and with justice required that the defendant be given an opportunity to appear before the Grand Jury where it appeared that there would be no prejudice to any rights of the State by affording defendant an opportunity to be heard.
In the present situation, there is no question that-the District, Attorney acted wrongly. Not only did he fail to keep his agreement with the defense, but he neglected to inform the defendant of the Grand Jury action. According to the American Bar *1046 Association Project on Standards for Criminal Justice, subdivision (c) of rule 4.3 of the Standards Relating to the Prosecution Function and the Defense Function, ‘ ‘ If the prosecutor finds he is unable to fulfill an understanding previously agreed upon in plea discussions, he should give notice promptly to the defendant and cooperate in securing leave of the court for the defendant to withdraw any plea and take other steps appropriate to restore the defendant to the position he was in before the understanding was reached or plea made.” (Santobello v. New York, 404 U. S. 257, supra).
A District Attorney ought not to be permitted to renege freely on promises he has made and then proceed in secret to the Grand Jury. Justice demands that the prosecution conform to certain standards of fairness. There is something very wrong about a District Attorney doing what was done in this case and then proclaiming that the defendant had no recourse because, under section 190.50, he has waived his right to object because the motion was not timely made.
The motion to enforce the original agreement between the prosecution and defense or return the matter to the Criminal Court, Bronx County, is denied.
The court presumes that the instant application is .made in good faith in order to secure defendant’s appearance before the Grand Jury. Accordingly, the motion to dismiss is granted upon the condition that within five days of service of this order upon defendant’s counsel, the defendant executes, in writing, the necessary waiver of immunity provided by law for an appearance before the Grand Jury and so appears and testifies. If said waiver is not executed within the prescribed period or the defendant refuses to appear and testify, then application to dismiss herein is denied.