Arnold W. Proskin, J.
Defendant moves this court for an order dismissing the indictment against 'him pursuant to CPL 190.50 (suibd. 5, par. [e]).
It is alleged that the defendant was arrested for 'violation of subdivision 1 of section 220.06 of the Penal Law, and arraigned on that charge on October 31, 1974, in the Police Court of the City of Cohoes. It was the .understanding of the defendant’s attorney, by virtue of certain conversations had .with one or more Assistant District Attorneys, that a preliminary hearing was set for November .15, 1974. This hearing was adjourned and the defendant was advised by an Assistant District Attorney that a preliminary hearing would be scheduled. An adjourned date was set for November 25,1974. The date was then ¿hanged again to December 2, 1974. On November 25, 1974, the defendant’s attorney received written notification from the District Attorney’s office that the case was to be presented to the Albany County Grand Jury. Defendant’s attorney communicated to the office of the District Attorney that he understood he would have a preliminary hearing and was informed, on November 26, 1974, that the case would go to the Grand Jury on November 27, 1974. The Assistant District Attorney with whom the defendant’s attorney had been discussing the case denied that any promise had been made to give a preliminary hearing and the case did go to the Grand Jury, which returned an indictment.
In opposition, the prosecution interposes an affidavit of an Assistant District Attorney other than the man who handled the case in Cohoes Police Court. It does not directly controvert the facts of defendant’s moving papers, but rather, argues that the only notice to which the defendant is entitled is “ a reasonable time to exercise his right to appear as a witness ” before the Grand Jury. (CPL 190.50, suibd. 5, par. [a].) The People urge this court to hold that the notice given to this defendant was “ reasonable ” under the above-cited statute.
The defendant’s attorney has not urged that he would avail himself of the opportunity to testify or present witnesses to the Grand Jury. In fact, defendant candidly concedes that what he seeks is a dismissal of the felony indictment so that a preliminary hearing may be had.
The purpose of notification of a defendant of presentation to the Grand'(Jury is to .give him an opportunity to “ appear in his own behalf” (Richard Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL, § 190.50, p. 145) *653 or to take steps to see that the [Grand Jury is aware of .witnesses who may have testimony favorable to his ease. The purpose of the notice provision is not to .guarantee to the defendant a preliminary hearing in the local court. While I am not fully persuaded that the notification ¡given to the defendant iwas adequate, the defendant is not in the proper posture to complain. No useful purpose can be served by dismissing an indictment where the statutory purpose is not the underlying reason for the dismissal, nor is it a prudent policy for this court to create an absolute right to a preliminary hearing, as the defendant is requesting..
The defendant’s motion is denied in all respects.