OPINION OF THE COURT
Nicholas A. Clemente, J.
On June 22,1981, a felony hearing was held in Criminal Court with respect to various charges against this defendant involving rape, sexual abuse and attempted sodomy. After a determination to hold the matter for action by the Grand Jury the defendant’s then counsel indicated upon the record that the defendant did not wish to testify before the Grand Jury.
Thereafter the defendant became dissatisfied with the services of his lawyer and sought to discharge him. During this time the defendant while acting pro se, apparently attempted to testify before the Grand Jury as is his right pursuant to the provisions of CPL 190.50. He did this by writing to the District Attorney on July 10, 1981 and attaches a copy of the certified mail receipt as an exhibit to *160 his moving papers herein. Unfortunately the District Attorney’s office made no record of the request and on July 17, 1981 submitted the matter to the Grand Jury without calling the defendant.
An indictment was then filed, inter alla, charging the defendant with rape in the first degree.
While the opposing affirmations conflict as to the nature of the July 10, 1981 communication it is undisputed that (a) the People received a communication from the defendant on July 10, 1981 and (b) on July 27, 1981 the defendant again wrote to the District Attorney referring to his prior request to testify before the Grand Jury and have new counsel appointed.
It is also evident from the People’s affirmation that on the next day, the 28th, the defendant was arraigned on the indictment and new counsel was in fact appointed. At that time the defendant alleged that he had made a request to testify. Nevertheless, defendant’s newly appointed attorney did not formally move to dismiss the indictment on the ground that defendant had improperly been denied the right to testify before the Grand Jury until August 29, 1981.
GPL 190.50 (subd 5, par [a]) provides as follows:
“Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
“(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging *161 an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
There can be no doubt that pursuant to the afore-mentioned statute, if the defendant asked to testify on July 10, 1981, his request should have been honored.
CPL 190.50 (subd 5, par [c]), however, goes further in apparently mandating waiver where a motion is not timely made. It states: “(c) Any indictment or direction to file a prosecutor’s information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment or, as the case may be, upon the prosecutor’s information resulting from the grand jury’s direction to file the same. If the contention is not so asserted in timely fashion, it is waived and the indictment or prosecutor’s information may not thereafter be challenged on such ground.” (Emphasis supplied.)
Thus this continuously incarcerated defendant is said by the District Attorney to have waived his appearance before the Grand Jury initially because of the action of his first attorney and then later by the inaction of his subsequent attorney.
At the outset it should be noted that the five-day deadline for making a motion to dismiss was established to separate those who sincerely wish to testify before the Grand Jury from those with no such intention (People v Napoli, 67 Misc 2d 1010).
A literal application of the five-day requirement would of course preclude this defendant from testifying before the Grand Jury (see People v Washington, 42 AD2d 677). Five factors, however, persuade me to rule otherwise: (1) There is strong reason to believe that the defendant did make a timely request to testify thereby annulling his initial attorney’s waiver. The People concede that a verbal request *162 was noted at the time of arraignment on July 28,1981 but seemed to have disregarded it because of their determination that the issue was already a fait accompli. In this regard it is without doubt that if the Assistant District Attorney who was presenting the case to the Grand Jury had been aware of the defendant’s change of heart, the matter would not have been presented to the Grand Jury without defendant’s testimony; (2) This is not a case where there is any reason to question the bona fides of the defendant’s desire to testify before the Grand Jury* (see People v LaBoy, 87 Misc 2d 449; People v Walas, 80 Misc 2d 651); (3) While the motion is not timely, the period of delay in making it is approximately only 27 days; (4) There is no indication that the People would be prejudiced by granting the motion; and (5) Although CPL 190.50 (subd 5, par [c]) appears to mandate a not extensible five-day time limit, the courts have on occasion relieved defendants from such requirement (cf. People v Phillips, 66 AD2d 696, affd 48 NY2d 1011; People v Carter, 73 Misc 2d 1040).
Considering the confusion attendant upon change of counsel, the difficulty of counsel communicating with any jailed defendant and the persistent efforts by the defendant to avail himself of the opportunity to testify, it is eminently just and in the interest of justice that he be permitted to testify before the Grand Jury, upon the conditions set forth in CPL 190.50.
How best to fairly effectuate this conclusion becomes the next question. There is some authority for the view that dismissal should be conditioned upon the defendant actually appearing before the Grand Jury and/or signing a waiver of immunity (People v Searles, 79 Mise 2d 850; People v Carter, supra). This approach received apparent approval in People v Phillips (supra). In that case Criminal Term’s decision conditioned dismissal of the indictment on defendant appearing before the Grand Jury. The Appellate Division, First Department, stated (p 696): “We note that defendant did not take advantage of the opportunity provided him in the Supreme Court to testify before the Grand *163 Jury and therefore there was no reason to dismiss the indictment.”
Notwithstanding the foregoing it is clear that a dismissal contingent upon defendant appearing before a Grand Jury is an unwieldly and impractical approach to the situation. Moreover, there is no statutory basis provided by CPL 190.50 for such a solution.
Therefore, where a defendant is entitled to relief under CPL 190.50 (subd 5) the proper remedy should be outright dismissal of the indictment (cf. People v Gird, 72 AD2d 752, 753).
Accordingly, I conclude that defendant’s motion to dismiss the indictment should be granted. The People’s affirmation in opposition is construed as an application pursuant to CPL 210.20 (subd 4) and permission is granted to resubmit the charges herein to the same or another Grand Jury with the provision that the defendant be given an opportunity to testify before such Grand Jury.

 During a conference on this matter the defendant reiterated his prior position stating on the record that he did actually desire to testify before the Grand Jury.