OPINION OF THE COURT
Gloria Goldstein, J.
Defendant moves to dismiss his indictment on the ground that he was denied his statutory right to appear and testify before the Grand Jury pursuant to CPL 190.50. Defendant was arraigned in the Criminal Court on July 23, 1984 on a felony complaint charging him with the crimes of robbery in the first degree, criminal use of a firearm in the first degree, and resisting arrest. Defense counsel served notice, both orally and in writing at the time of defendant’s arraignment, advising the District Attorney pursuant to CPL 190.50 (subd 5, par [a]) that the defendant wished to testify before the Grand Jury. Nonetheless, on July 27, 1984 the District Attorney presented the case to the Grand Jury, instructed the grand jurors on the applicable law and obtained a true bill without affording the defendant any opportunity to testify. On August 1, 1984, the Assistant District Attorney assigned to the case contacted defense counsel and acknowledged that an indictment had been obtained without permitting the defendant to testify. The Assistant District Attorney noted that the indictment had not yet been filed and offered to permit the defendant to testify before the same Grand Jury which had already voted the indictment. The District *105 Attorney stated that if the defendant exercised this option, the grand jurors would be instructed to disregard their previous deliberations and vote anew. In the alternative, the District Attorney offered to re-present the case to a different Grand Jury, but only if the defendant first provided a sworn statement setting forth the substance of his proposed testimony. Defendant declined to testify before the same Grand Jury that had already voted to indict him and he declined to submit a sworn statement in advance of his Grand Jury testimony. His position was that neither of these procedures afforded him the rights guaranteed under CPL 190.50.
The issue presented, apparently undecided heretofore, is whether there has been sufficient compliance with CPL 190.50 where a defendant, having served timely notice under the statute, is permitted to testify only after the Grand Jury has deliberated and voted an indictment.
CPL 190.50 (subd 5) provides in pertinent part: “Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision”. Under CPL 190.50 (subd 5, par [a]), the District Attorney is obligated to inform a defendant that a Grand Jury proceeding against him is pending, in progress or about to occur, if defendant has been arraigned upon a currently undisposed felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding. Moreover, CPL 190.50 (subd 5, par [b]) provides in pertinent part as follows: “Upon service upon the district attorney of a notice requesting appearance before a grand jury * * * the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant * * * a notice that he will be heard by the grand jury at a given time and place. Upon appearing at such time and place * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration.”
The statute goes to considerable lengths to assure defendant the right to notice and to appear on his own behalf. In applying this statute, the courts have required nothing less than strict adherence to its mandates. To discharge his statutory obligation, the District Attorney must clearly advise a defendant of the specific time, date and place of the prospective Grand Jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein (People v Ferrara, 99 *106 AD2d 257; People v Green, 80 AD2d 650; People v Martinez, 111 Misc 2d 67; People v Hooker, 113 Misc 2d 159).
Prior decisions have stressed that under this section a defendant is entitled, not merely to an appearance before the Grand Jury, but also an appearance affording a meaningful and reasonable opportunity to explain the charges against him. Thus, it has been held that a defendant is entitled to testify without interruption (People v Dunbar, 100 Misc 2d 389), and that prior to his appearance a defendant is entitled to know the nature and scope of the Grand Jury’s inquiry (People v Natoli, 112 Misc 2d 1069; People v Root, 87 Misc 2d 482). Certainly, that the right to testify is a substantial one is borne out by CPL 190.50 (subd 5, par [c]), which provides that any indictment obtained in violation of the rules of CPL 190.50 (subd 5, pars [a], [b]), “must be dismissed”..
In the present case, the District Attorney contends that all that is required under CPL 190.50 is that the defendant be permitted to testify “prior to the filing of the indictment”. The People note the language of CPL 190.50 (subd 5, par [a]) providing that “if, prior to the filing of any indictment * * * [defendant] serves upon the district attorney * * * a written notice” he is entitled to testify. Relying solely on this language the District Attorney argues that defendant’s statutory right to testify has not been abridged where he is permitted to testify at any time prior to the filing of the indictment — even where, as in the present case, the Grand Jury before which the defendant is now to appear has already been charged on the law, discussed the case, and voted an indictment against him. In prior cases interpreting the language of CPL 180.80 which entitles a defendant to a preliminary hearing at any time prior to the filing of the indictment, the District Attorney has vehemently maintained that it is the voting of the indictment which should control, with the follow-up procedure of filing the indictment merely ministerial (see People v Edwards, 101 Misc 2d 747). The courts, addressing the issue under CPL 180.80, have held that it is the voting of the indictment and not the filing which should be dispositive of defendant’s substantive rights (People v Edwards, supra; see, also, L 1982, ch 557).
Clearly, under the language of CPL 190.50 the defendant can avail himself of the opportunity to testify before the Grand Jury by providing notice to the District Attorney at any time up to the time of filing of the indictment. This right, however, is vested in the defendant, not the District Attorney, and, therefore, while the defendant may choose to testify after an indictment has been *107 voted by serving late notice, the District Attorney cannot make that choice for the defendant by withholding notification of the pending Grand Jury proceeding until after the indictment is voted.
In essence, the People urge this court to hold that the notice given to this defendant was “reasonable” under the CPL 190.50 (subd 5, par [a]) requirement that defendant be given “a reasonable time to exercise his right to appear as a witness” before the Grand Jury. On the facts of this case, the court cannot so hold. There is no question that at the first possible opportunity defendant provided the District Attorney with both oral and written notice of his intention to testify in full compliance with CPL 190.50 (subd 5, par [a]). Under these circumstances, where the defendant has served timely notice, and the prosecutor has failed to respond to that notice, whether negligently, inadvertently or otherwise, the defendant is entitled to be placed in the same position as if his request were complied with in the first instance. Where defendant has acted in full compliance with the mandates of CPL 190.50 he is entitled to testify without compromise and without any potential prejudice brought about as a result of the District Attorney’s error or oversight. Here, the defendant was entitled to testify prior to the Grand Jury’s having reached a decision. To hold that the People complied with CPL 190.50 where they first obtained the indictment and then allowed defendant to testify would eviscerate the spirit and intent of the statute as well as negate its efficacy. The People’s singular attempt to remedy their error by offering to present the case to a new Grand Jury was wholly inadequate, as the offer was conditioned on defendant first disclosing the substance of his proposed testimony. Such disclosure is not required either by statute or case law. Accordingly, defendant’s rejection of this conditional offer did not constitute a waiver of his right to testify before the Grand Jury.
Defendant’s motion to dismiss the indictment is granted with leave to the District Attorney to resubmit the matter to another Grand Jury (CPL 210.20).