■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL DARCY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered November 2, 1981, convicting him of burglary in the

third degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Dubin, J.) of defendant's *pro se* motion to dismiss the indictment on the ground that he was not afforded an opportunity to appear before the Grand Jury.

Judgment affirmed.

Defendant was arrested and arraigned in the Criminal Court of the City of New York, Queens County, on January 9, 1981, on charges arising from an incident which occurred that same day when defendant entered the apartment of an off-duty police officer without permission. During a Criminal Court appearance on January 13, 1981, defendant's Legal Aid attorney was relieved because a substantial cash bail had been posted. When the Assistant District Attorney informed the court that the case would be presented to the Grand Jury, defendant's attorney responded that defendant wished to testify, and thereafter served the People with written notice of defendant's intention. Nevertheless, on that same day, the People's case was presented to the Grand Jury without the defendant being given a chance to appear.

On April 15, 1981, defendant was arraigned on the indictment after he was produced on a bench warrant which had been issued upon his failure to appear in court on January 28, 1981.

By motion dated May 23, 1981, defendant moved, *pro se,* to dismiss the indictment on the ground that his right to testify under CPL 190.50 was violated by the People. Apparently at this time, defendant was represented by an attorney assigned on April 24, 1981, who was thereafter relieved on May 29, 1981. The trial court (Dubin, J.) denied the motion on the ground that it was not timely made within five days after defendant was arraigned on the indictment as required by CPL 190.50 (5) (c). In *People v Hooker* (113 Misc 2d 159), Criminal Term held that under appropriate circumstances the five-day limitation within which to make application to dismiss the indictment could be extended. Assuming, arguendo, that the time limitation can be extended by the court in the interest of justice, we conclude that under the circumstances presented herein it was proper for Criminal Term to treat the application to dismiss as having been untimely made.

Also, on the basis of the present record, we cannot conclude that defendant was denied effective assistance of counsel. Viewing the totality of the circumstances, the alleged errors

raised by defendant essentially involve attacks on defense counsel's trial strategy, which, although unsuccessful, did not rise to the level of depriving defendant of his constitutional right to the effective assistance of counsel *(see, People v Morris,* 64 NY2d 803; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394). O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.