OPINION OF THE COURT
Peter P. Rosato, J.
Defendant, along with codefendant Abdul Ali, stands charged with six counts of criminal possession of a forged instrument, second degree, two counts of forgery, second degree, two counts of criminal possession of stolen property, second degree, and two counts of grand larceny, third degree. Defendant now moves to dismiss the instant indictment on the grounds that he was denied the opportunity to appear and testify before the Grand Jury.
In sole support of his application, defendant submits what is denoted as an “affidavit” (although it would appear to be more properly characterized as an affirmation) from his present attorney, Mr. Cedric Wiggins. Defendant himself has not provided any supporting affidavit. In substance, Mr. Wiggins contends that defendant twice informed his former counsel, Mr. Arthur T. Connick, of his desire to appear and testify at the Grand Jury.[1] Beyond saying that defendant maintains his innocence, present counsel gives no indication whatsoever as to what, if anything, defendant would testify to at the Grand Jury.
Defendant concededly was arraigned on the instant indict *1014 ment on November 6, 1985. The instant motion to dismiss under CPL 190.50 (5) (c) is dated November 12,1985.
The People, in opposition, raise several points. First, the People represent, and it is in no way controverted by defendant, that they were under no obligation to notify the defendant of the Grand Jury proceeding since the felony complaint had in fact been disposed of in the local court. (See, CPL 190.50 [5] [a].)
Secondly, the People properly point out that CPL 190.50 (5) (a) provides, in pertinent part, that a person seeking to appear as a witness before the Grand Jury must serve written notice of such request upon the People. Here, defendant concedes that he served the People with no such written notice; in addition, the People represent that they never received any oral notice from the defendant, or his former counsel, requesting the opportunity to testify at the Grand Jury. Defendant, therefore, has clearly failed to comply with CPL 190.50 in that regard. Conversely, there is nothing before the court to indicate that the instant indictment was obtained in violation of the latter provision.
Third, and perhaps most importantly, the People refer the court to CPL 190.50 (5) (c), which provides, in pertinent part: “(c) Any indictment * * * obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid, and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment * * * If the contention is not so asserted in timely fashion, it is waived and the indictment * * * may not thereafter be challenged on such ground.”
It is the People’s contention that the latter five-day period is to be strictly construed and enforced and that it is not subject to being extended in the court’s discretion. On balance, the court would agree that the weight of the relevant case law supports the People’s position. In the very recent case of Matter of Borrello v Balbach (112 AD2d 1051, 1053), a unanimous Second Department, in granting outright dismissal of an indictment under CPL 190.50 (5), took the occasion to reiterate, in dicta, that "the five-day time limitation for making a motion to dismiss contained in CPL 190.50 (5) (c) adequately serves to separate those defendants who sincerely wish to testify before the Grand Jury from those with no such inten *1015 tion” (see, in accord, People v Napoli, 67 Misc 2d 1010 [County Ct, Nassau County 1971, Tomson, J.]; People v Washington, 42 AD2d 677 [4th Dept 1973]). Moreover, in People v LaBoy (87 Misc 2d 449, 452 [County Ct, Dutchess County 1976, Rosenblatt, J.]), the court, in dicta, questioned whether the five-day time limit of CPL 190.50 (5) (c) could even be extended by consent of the parties or by court adjournment.
This court’s research uncovered no case which gives the court discretion to waive the five-day motion period, save for the lone case of People v Hooker (113 Misc 2d 159 [Sup Ct, Kings County 1982, Clemente, J.]). There, although it expressly recognized (113 Misc 2d, at p 162) that "CPL 190.50 (subd 5, par [c]) appears to mandate a not extensible [sic] five-day time limit,” the Hooker court cited two earlier cases, People v Carter (73 Misc 2d 1040 [Sup Ct, NY County 1973, Rosenberg, J.]) and People v Phillips (66 AD2d 696, affd 48 NY2d 1011) as authority to extend the five-day limit. However, on examination, it is apparent to this court that neither Carter nor Phillips stands for any such proposition. In Carter (supra) where the People had reneged on certain promises made with the defendant, defendant’s motion to dismiss was granted in the interests of justice pursuant to CPL 210.40. Moreover, in so ruling, the Carter court acknowledged that it could not grant dismissal under CPL 190.50 since defendant’s motion thereunder was untimely, and then went on, notwithstanding CPL 190.50, to dismiss in the interest of justice. People v Phillips (supra), where a guilty plea in criminal court was found to be a nullity since an indictment had been filed against the defendant the day prior to said guilty plea, is completely inapposite. Thus, given what appears to be the extremely shaky foundation upon which Hooker rests, this court is persuaded that the strict construction applied to the five-day time limit contained in CPL 190.50 (5) (c) by the Borrello-Napoli-LaBoy-Washington line of cases is the better view.[2]
Accordingly, defendant’s motion to dismiss is hereby denied in all respects.

. Nor has defendant provided this court with any affidavit from defendant’s former counsel, Mr. Connick.

. Moreover, and unlike the defendant in the instant case, the defendant in People v Hooker (113 Misc 2d 159) concededly made a verbal request to testify at the Grand Jury and may well have, in addition, made a written request to so testify.