OPINION OF THE COURT
Joseph S. Calabretta, J.
Defendant, herein, was arrested on February 15, 1986 and charged with attempted murder in the second degree, assault in the second degree and assault in the third degree. He was arraigned on February 16, 1986, remanded, and the matter adjourned to February 21, 1986, Part AP 6 of the Criminal Court. The matter was presented to the Grand Jury on February 21, 1986 and an indictment was filed on March 18, 1986.
Defendant now seeks to dismiss said indictment pursuant to CPL 210.20 (1) (c); 210.35 (4) and 190.50 (5) (a) and (c) for failure to be accorded an opportunity to appear and testify before the Grand Jury.
At the defendant’s Criminal Court arraignment, on February 16, 1986, the People served the defendant notice pursuant to CPL 190.50 (5) (a) of their intention to present this matter to the Grand Jury and the defendant responded by serving upon the People, at said arraignment, written notice of his intention to appear and testify at the Grand Jury proceedings.
Defendant contends that he was not accorded a reasonable time to exercise his right to appear before the Grand Jury inasmuch as his attorney was first advised, orally, that the matter was being presented to the Grand Jury on the very day that counsel appeared in AP 6 (Feb. 21, 1986) which was the first adjourned date since the arraignment. Moreover, defendant was not produced until 2:30 p.m. that day and counsel advised the court that "I am unable to counsel him adequately into going into the grand jury and, at this time, he’s indicated to me he is not sure he wants to go in right now, because he hasn’t had time to prepare that”.
The People oppose the motion on the grounds that since on February 21, 1986 the defendant was on remand status and pursuant to CPL 180.80 they had to either hand up an indictment or release the defendant from jail, the People presented their case to the Grand Jury in the morning hours. The People further state that when defense counsel informed the court that defendant was not prepared to testify and would not waive his rights pursuant to CPL 180.80, the court directed the People to finish their presentation. *1096 It is the opinion of this court that the indictment must be dismissed as having been obtained in violation of CPL 190.50 (5) (a).
As stated in People v Jones (126 Misc 2d 104):
"The statute goes to considerable lengths to assure defendant the right to notice and to appear on his own behalf. In applying this statute, the courts have required nothing less than strict adherence to its mandates. To discharge his statutory obligation, the District Attorney must clearly advise a defendant of the specific time, date and place of the prospective Grand Jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein * * *
"[W]here the defendant has served timely notice, and the prosecutor has failed to respond to that notice, whether negligently, inadvertently or otherwise, the defendant is entitled to be placed in the same position as if his request were complied with in the first instance.”
In the case at bar, the court finds that oral notice given by the People, on the date of presentment of a case to the Grand Jury, is an insufficient and inadequate amount of time to enable a defendant to make the necessary arrangements to exercise his right to appear. (People v Gini, 72 AD2d 752.)
If the People’s only concern for such actions was the possible release of the defendant under CPL 180.80, the People could have argued that any delay for an indictment at that point was at the request of the defendant. The court notes, however, that the People have not provided this court with any explanation as to why they waited until the last possible moment to present this case or why they made no attempt to notify the defendant earlier that said presentation would occur on that particular day.
The court cannot accept the reasoning of the court in Part AP 6 that the notice provisions of CPL 190.50 only apply to cases where a defendant is released on his own recognizance or on bail and outside of the exigencies of CPL 180.80. Moreover, the court could have avoided the entire situation by conducting a preliminary hearing which it refused to do. Forcing the defendant to testify before a Grand Jury on a moment’s notice, unprepared, even with counsel present, does not satisfy the intent of statute which was designed to make the defendant’s appearance a meaningful one. (People v Jones, supra.)
*1097 The District Attorney has a duty to act in good faith in regard to an accused appearing before a Grand Jury. (People v Martinez, 111 Misc 2d 67.)
If this court were to allow this indictment to stand, especially in light of the logic applied by the court in AP 6, it would be a signal to the People that they would have carte blanche to make Grand Jury presentments at any time within the time prescribed by CPL 180.80 without the need to notify defendants wishing to testify until the eleventh hour when they may find themselves, as did the defendant here, in no position to exercise a valid right. This court will not condone such behavior or interpret the statute to provide for such.
Accordingly, the motion to dismiss the indictment is granted with leave to resubmit to another Grand Jury.
Bail conditions to remain the same.