OPINION OF THE COURT
Bernard J. Fried, J.
By this motion, timely filed within five days pursuant to CPL 190.50 (5) (c), defendant seeks an order unconditionally dismissing the instant indictment. He contends that because the People failed to provide him with notice that a Grand Jury proceeding against him was in progress, he was denied his right to testify before the Grand Jury. For the reasons set forth, the motion to dismiss is denied.
*993 A brief history of the case is necessary: defendant was arrested on May 6, 1987, and because of an injury, was hospitalized until May 11, 1987, at which time he was discharged to the custody of the arresting officer. Prior to this, the People contacted the Criminal Court and sought to arrange a hospital arraignment. However, because the defendant had not been fingerprinted, a hospital arraignment could not be held. The defendant was finally fingerprinted at 11:00 a.m., May 11, 1987, after he had been discharged from the hospital. Thereafter, although a CJA interview was conducted at 8:09 p.m. on May 11, 1987, the NYSID printout having been received earlier that day, the defendant was not arraigned until May 13, 1987.
Meanwhile, the People, concerned that the defendant would be released pursuant to CPL 180.80, the case was presented to the Grand Jury on May 12, 1987, and an indictment was voted at 4:00 p.m. when the defendant was not arraigned. The defendant ultimately was arraigned on May 13, 1987, and the court was advised that the defendant had been indicted the previous day. Thus, notice pursuant to CPL 190.50 (5) (a) was not served.
Claiming that both his statutory and constitutional rights were violated, defendant seeks an outright dismissal of the indictment. At no time in his motion papers — either the original affirmation or the reply affirmation — or at any court appearance following submission of this motion, has defendant stated, or in any manner indicated, that he now wants to exercise his right to testify before a Grand Jury. In addition, he does not state that he would have testified in May 1987 before the original Grand Jury. Indeed, in his motion he argues that a conditional dismissal — a dismissal conditioned on the defendant actually testifying — is not authorized, citing the Second Department decision in Matter of Borello v Balbach (112 AD2d 1051 [2d Dept 1985]). I can only infer from this that the defendant does not intend to testify, did not so intend in May 1987, and is seeking merely to vindicate a right without availing himself of its purpose. (Cf., People v Laboy, 87 Misc 2d 449, and People v Walas, 80 Misc 2d 651.)
In the instant case, I believe that the correct procedure would have been to withhold a vote by the Grand Jury until after defendant’s arraignment: I do not believe a prosecutor should arrogate to herself, even after consultation with supervisors, the denial of the right to testify because of a concern *994 over release, pursuant to CPL 180.80. Various alternatives were available, including seeking a ruling from the Judge presiding over the Arraignment Part, that there was "good cause why [an] order of release should not be issued” (CPL 180.80 [3]). And, although CPL 190.50 (5) (a) provides that notice is only required when the defendant "has been arraigned in a local criminal court upon a currently undisposed of felony complaint”, which is the subject of the Grand Jury proceeding, this language, in my view, does not authorize the prosecutor to proceed as she did here. To do so, would allow a prosecutor to subvert — whether in good faith or not — the clear intent of the Criminal Procedure Law, which is to afford an arrested defendant, in the ordinary and normal course of events, a statutory right to testify.
However, as indicated above, the right to testify before the Grand Jury, which is of course statutory and not constitutional, People v Galarotti (46 Misc 2d 871 [under Code Crim Pro]), serves to provide to an arrestee the absolute right to testify, on condition that proper notice is filed and a waiver of immunity is executed. This is to allow such person the right to place his own version of the events before the Grand Jury. This is a right that should be now vindicated only if the defendant intends to testify. To hold otherwise, and to dismiss the indictment would be to impose a drastic sanction for what, is at best, a technical violation of the Criminal Procedure Law.
Accordingly, the defendant’s motion is, in all respects, denied.