OPINION OF THE COURT
Leon A. Beerman, J.
CPL 190.50 gives a defendant the right to testify in front of the Grand Jury considering charges against him if he gives notice of his intention to so testify. CPL 180.80 requires the release from pretrial detention of a defendant who has been in custody for a certain period of time, unless an indictment has been voted against him or other circumstances exist. The interesting and novel question presented by the instant case concerns the apparent tension between these two statutes: What should a prosecutor do when a defendant in custody has given notice of his intention to testify before the Grand Jury considering charges against him, but the Department of Cor *211 rection fails to produce the defendant in court, thereby preventing his testifying before the Grand Jury on the date on which his release may be mandated by CPL 180.80?
Defendant William Winslow is charged in the indictment with having committed the crimes of criminal possession of a weapon in the second and third degrees. He has moved this court for an order dismissing the indictment on the ground that he was denied his right to testify before the Grand Jury that indicted him.
The court has received various arguments, submissions, and exhibits from counsel for both sides, and now makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On Monday, February 22, 1988, defendant was arrested for the conduct constituting the basis of the indictment herein. Also on that date, he was arraigned in Criminal Court on a felony complaint.
At the arraignment, defendant served the People with written notice of his intention to testify before the Grand Jury. (See, CPL 190.50 [5] [a].) The case was then adjourned to Part AP-6 for Friday, February 26, 1988, presumably because the CPL 180.80 time period was to expire over the weekend. (CPL 180.80.)
On Wednesday, February 24, the People served written notice on defense counsel of their intention to hold the Grand Jury proceeding on the 26th. (See, CPL 190.50 [5] [a], [b].)
On Friday, February 26, defendant was not produced in Part AP-6 by the Department of Correction. At the end of the day, the prosecutor advised the court and defense counsel that the case was being presented to the Grand Jury, defendant’s absence notwithstanding. That evening a notice of voted indictment was filed with the court. (See, CPL 180.80 [2] [a].)
CONCLUSIONS OF LAW
When a Grand Jury is considering or is about to consider charges against a person and that person gives the District Attorney written notice of his intention to testify before the Grand Jury, then that "person has a right to be a witness” in that Grand Jury proceeding, and the District Attorney must accord the person "a reasonable time to exercise his right to appear as a witness therein”. (CPL 190.50 [5] [a].)
*212 Here, defendant gave timely and proper notice of his intention to testify before the Grand Jury that ultimately indicted him. He did not receive an opportunity to exercise his right to testify, however, because he was not produced in court by the Department of Correction on the date of the Grand Jury presentation, and yet the District Attorney went ahead with the Grand Jury presentment and voting of the indictment.
The People’s position is that their going ahead with the Grand Jury proceeding despite defendant’s absence was necessitated by the fact that he would have been released from pretrial detention pursuant to CPL 180.80 if an indictment were not voted on the day the proceeding had been scheduled for. The People maintain that it was not their fault that the Department of Correction did not produce defendant in court, and thus they should not be held responsible because of the inaction of that department.
While there appear to be no cases directly on point, the courts of this State have consistently held that the failure on the part of the Department of Correction to produce a defendant in court is attributable to the prosecutor to the extent that the indictment against the defendant must be dismissed if that failure prevented the People from answering ready for trial within the period prescribed in CPL 30.30. (People v Anderson, 66 NY2d 529, 539-540, 543 [1985], affg People v Jones, 105 AD2d 179, 186 [2d Dept 1984]; People v Scott, 56 AD2d 667 [2d Dept 1977]; People v Sylvester, 29 AD2d 985, 986 [2d Dept 1968].) A fortiori, it would therefore seem that the failure of the Department of Correction to produce a defendant in court should be attributable to the prosecutor to the extent that the defendant should be released from pretrial detention if that failure prevented the People from affording the defendant his opportunity to testify before the Grand Jury, thereby preventing the People from obtaining a proper indictment which would forestall the release requirements of CPL 180.80.
Moreover, even if the People could not be held accountable for the failure of the Department of Correction to produce defendant in court so that he could testify before the Grand Jury, the People nevertheless had the duty to use all reasonable means to protect defendant’s right to testify before the Grand Jury. CPL 180.80 does not require the automatic release of a defendant merely because an indictment has not been voted within a certain period of time. Rather, CPL 180.80 requires the release of a pretrial detainee within a *213 certain number of hours of the beginning of his detention unless an indictment was voted or a prosecutor’s information was filed, or unless a felony hearing was held, the defendant consents to the situation, or "[t]he court is satisfied that the people have shown good cause why such order of release should not be issued.” (CPL 180.80 [3].)
In the words of Justice Fried, "I do not believe a prosecutor should arrogate to herself, even after consultation with supervisors, the denial of the right to testify because of a concern over release, pursuant to CPL 180.80. Various alternatives were available, including seeking a ruling from the Judge presiding over * * * [Part AP-6] that there was 'good cause why [an] order of release should not be issued’ (CPL 180.80 [3]).” (People v Salazar, 136 Misc 2d 992, 993-994 [Sup Ct, Bronx County 1987].) And, in Justice Calabretta’s words,
"If the People’s only concern for such actions [proceeding with the Grand Jury presentment without the defendant’s testimony] was the possible release of the defendant under CPL 180.80, the People could have argued that any delay for an indictment at that point was at the request of the defendant * * *
"Moreover, the [People] could have avoided the entire situation by conducting a preliminary hearing”,
after first having tried to obtain counsel’s waiver of his client’s presence thereat. (People v Singh, 131 Misc 2d 1094, 1096 [Sup Ct, Queens County 1986].)
In the instant case, the People did not attempt to persuade the Judge in Part AP-6 that the failure of the Department of Correction to produce defendant in court constituted "good cause” for his continued pretrial detention, or that defendant was effectively consenting to his nonrelease by his request to testify before the Grand Jury. Nor did they seek defense counsel’s permission to waive his client’s presence at a preliminary hearing or to waive the provisions of CPL 180.80 so that defendant could testify upon his ultimate production in court. Instead, the People merely went ahead with the Grand Jury proceeding without defendant’s testimony.
This court recognizes that, in light of the above analysis indicating that the People would seem to be chargeable with the Department of Correction’s failure to produce defendant in Part AP-6, the Judge in that part would probably not have accepted arguments by the People that there was "good cause” for defendant’s nonrelease or that defendant was effec *214 lively consenting to his nonrelease by his request to testify before the Grand Jury. However, there is no way of knowing how that Judge would have ruled, since no such arguments were made. Similarly, in light of there being no case law on point on the subject, it is not inconceivable that defense counsel, if asked, would have waived his client’s right to release under CPL 180.80 so as to preserve his client’s right to testify before the Grand Jury. Indeed, the People admit as much in their memorandum of law submitted on this motion. Finally, and most importantly, it is not at all unlikely that defense counsel, if asked, would have waived his client’s right to be present at a preliminary hearing, since such a waiver would have afforded his client the tactical advantage (in terms of pretrial discovery) of receiving a preliminary hearing (an advantage which very few felony defendants obtain in Queens County today), and would still have preserved with certainty his client’s right to testify before the Grand Jury.
Recognizing the importance of the defendant’s right to testify before the Grand Jury, courts have dismissed indictments where the defendant’s attorney was not available on the day of the scheduled presentment, holding that it was incumbent on the People to accommodate counsel by seeking extension of the term of the Grand Jury or presenting the case to another Grand Jury at a later term of court. (People v Young, 137 Misc 2d 400, 401-402 [Sup Ct, Nassau County 1987]; People v Diaz, 137 Misc 2d 181, 182-185 [Sup Ct, Bronx County 1987].) Similarly, a court dismissed an indictment where the defendant was not produced in court until 2:30 p.m. on the day set for Grand Jury presentment or release of the defendant under CPL 180.80, ruling that either a preliminary hearing should have been held or the People should have argued in Criminal Court that defendant was effectively waiving his rights under CPL 180.80 when he indicated that his late production prevented him from adequately preparing to testify. (People v Singh, 131 Misc 2d 1094, 1095-1097, supra.)
In the instant case, defendant was not produced at all on the date set for presentment or CPL 180.80 release, and yet the People had the Grand Jury vote an indictment that day, without taking any affirmative steps to protect defendant’s right to testify, which he had invoked by giving written notice of his intention to testify.
It is obvious, therefore, that defendant was denied his right *215 to testify before the Grand Jury that indicted him. Accordingly, the indictment must be dismissed, with the People granted leave to resubmit the case to a new Grand Jury. (CPL 190.50 [5] [c]; People v Bey-Allah, 132 AD2d 76, 82-83 [1st Dept 1987]; Matter of Borrello v Balbach, 112 AD2d 1051, 1052-1053 [2d Dept 1985].)