THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v WILLIAM TAYLOR, Defendant.

Supreme Court, Queens County, January 13, 1989

### APPEARANCES OF COUNSEL

*Mark J. Clark* for defendant. *John J. Santucci, District Attorney (Peter Reese* of counsel), for plaintiff.

### OPINION OF THE COURT

ARTHUR J. COOPERMAN, J.

Defendant moves to dismiss the indictment herein pursuant to CPL 210.20 and 210.35 on the ground that he was denied an opportunity to appear and testify before the Grand Jury in accordance with CPL 190.50.

On September 17, 1988, defendant was arraigned in Part AR-4 of the Criminal Court, Queens County, and charged with committing the crimes of robbery in the first degree, criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree and criminal possession of a weapon in the second degree.

Proper notice pursuant to CPL 190.50 was served by defen-

dant. The People announced that they intended to present the case to a Grand Jury.

The prosecutor and defendant agree that on the morning of September 21, defense counsel, Mr. Clark, received a telephone call informing that the case was being presented that day. Mr. Clark responded that he had not been apprised timely of the date of the Grand Jury presentation and made no representation with respect to whether or not his client wished to testify.

The prosecutor thereafter served upon the Legal Aid Society written notice of the time and place of the Grand Jury hearing which was time-stamped as having been received at 1:46 P.M. that day. Counsel did not produce defendant before the Grand Jury.

The matter was presented to the Grand Jury and an indictment voted on September 21, 1988. The indictment charged defendant with committing the crimes of reckless endangerment in the first degree, kidnapping in the second degree, robbery in the first degree (4 counts), robbery in the second degree and criminal possession of a weapon in the second degree.

On September 29, 1988, a letter was received by Mr. Clark which indicated that the indictment, voted on September 21, had not yet been filed and offered defendant another opportunity to testify if he notified the prosecutor prior to 5:00 P.M., October 4, 1988.

Defendant failed to notify the prosecutor and consequently, the indictment was filed.

The People assert that defendant in fact received notice that the matter would be presented to the Grand Jury on the "180.80 date"* (Sept. 21), at the time of his arraignment on the felony complaint.

This knowledge, coupled with oral and written notice on the day of presentation, they contend, is sufficient to satisfy the particular notice required by CPL 190.50.

Additionally, they argue that defendant's failure to respond to the letter of September 28 and repeated telephone calls is inconsistent with a genuine desire to testify and warrants the

---

* CPL 180.80 requires the release on his own recognizance of a defendant who has been held in custody for a period of more than 120 hours when there has been no disposition of the felony complaint or a commencement of a hearing thereon.

denial of defendant's motion since the notice contained in the letter met the requirements of the statute.

CPL 190.50 (5) (b) obliges the District Attorney to serve upon a defendant who has properly requested an appearance before the Grand Jury, "a notice that he will be heard by the grand jury at a given time and place."

The mandates of CPL 190.50 are to be strictly adhered to.

A defendant must be accorded a reasonable time to appear as a witness before the Grand Jury.

The concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case.

It has generally been held that the statutory notice one day prior to or on the same day as the Grand Jury presentation is insufficient time in which to require a defendant to exercise his right to appear and testify before the Grand Jury (see, People v Gini, 72 AD2d 752; People v Singh, 131 Misc 2d 1094).

A defendant is certainly entitled to consult with counsel concerning his prospective testimony and consider, with due deliberation, its effect on the proceedings. To force such a decision upon defendant deprives him of his due process right to assist counsel in weighing the options and making an intelligent decision with respect to his appearance as a witness before the Grand Jury (see, People v Jones, 126 Misc 2d 104).

In the instant case, the notices to defendant on September 21, under the circumstances, were untimely and deprived defendant of his right, as contemplated by the statute, to appear and testify before the Grand Jury.

Any indictment voted and filed without according defendant the opportunity to appear and testify renders said proceeding defective, warranting dismissal, whether or not defendant had any real desire to testify, as long as he can claim that timely notice was served on the People indicating such intention (Matter of Borrello v Balbach, 112 AD2d 1051). Thus, the issue of whether defendant has a bona fide intention to testify is irrelevant under prevailing case law.

What, then, of the letter of September 28, wherein an offer was made to reopen the proceedings for the purpose of allowing defendant to testify?

The statute which authorizes the appearance of a person before a Grand Jury that is investigating his conduct explicitly provides that the right to appear may be exercised by

giving the appropriate notice at any time prior to the filing of the indictment, even after a vote has been taken to indict *(People v Skrine,* 125 AD2d 507; *People v Young,* 138 AD2d 764; *cf., People v Cade,* 140 AD2d 99).

Therefore, the aforementioned letter cured any deficiencies in the People's prior notice. Since that letter was received by the Legal Aid Society on September 29, 1988, it afforded adequate time for defendant to make an informed, deliberate decision regarding his right pursuant to CPL 190.50.

While the court has no quarrel with a defendant relying on his absolute entitlement to proper notice, the tactic of refusing to acknowledge the People's attempts to provide "actual" notice is a form of legal legerdemain that may result in a deprivation of a defendant's rights.

The propriety of the notice provided in the September 28 letter is distinguishable from the notice struck down in the cases cited by defendant wherein the District Attorney *withheld* notice that the matter was being presented to the Grand Jury until after an indictment was voted in the face of a proper, timely notice by defendant of his desire to present testimony *(see, People v Jones, supra; People v Bey-Allah,* 132 AD2d 76).

With respect to defendant's argument that he was not apprised of the nature and scope of the Grand Jury investigation because the indictment contained the additional charges of reckless endangerment, kidnapping and robbery, he fails to assert that he made a determination not to testify based upon the scope of the preindictment charges, and that his decision would have been otherwise had he known of the gravity of the offenses in fact presented to the Grand Jury, as was the case in *People v Suarez* (103 Misc 2d 910) and *People v Root* (87 Misc 2d 482), cited by defendant in support of his motion *(see also, People v Scott,* 141 Misc 2d 623 [Sup Ct, Queens County 1988]). Rather it is his contention that, in any event, he would have testified. Therefore, this argument is of no consequence.

Further, CPL 190.65 (2) authorizes the Grand Jury to charge offenses, if the evidence warrants, that were not submitted at the outset of the Grand Jury proceeding. Neither the theory of the prosecution nor the gravity of the offenses was materially altered in the instant case.

Accordingly, defendant's motion to dismiss the indictment is denied.

That portion of defendant's motion for the right to make additional motions based on information obtained herein or received by him subsequent to this motion is granted, and if necessary, any motion should be made within the time prescribed by the rules of the court.