OPINION OF THE COURT
Charles J. Thomas, J.
Defendant is charged with criminal sale of a controlled *785 substance in the third degree, a class B felony. Defendant moves to dismiss the indictment pursuant to CPL 210.35 and 190.50 on the grounds that defendant was denied his statutory right to testify before the Grand Jury.
On November 18, 1991, at approximately 6:15 p.m., defendant and two others were arrested for criminal sale of a controlled substance in the third degree.
On November 19, defendant was arraigned in Criminal Court on the felony complaint, at which time the District Attorney’s office served notice pursuant to CPL 190.50 of its intention to present the matter to the Grand Jury on November 22.
At the time of defendant’s arraignment, defense counsel served notice pursuant to CPL 190.50 (5) (a) advising the District Attorney that defendant intended to exercise his right to testify before the Grand Jury prior to an indictment being voted. Defendant was then confined in custody in lieu of $2,500 bail and the case was adjourned to Part APN for November 22, the CPL 180.80 day.*
On November 22, 1991 the case appeared on the Part APN Calendar and was assigned to Assistant District Attorney *786 (ADA) Rizzo in the Grand Jury Bureau. Defendant, who is 16 years old, was not produced until after the luncheon recess. When the case was called at 3:20 p.m., defense counsel reaffirmed her client’s intention to testify and prepared an order to produce defendant before the Grand Jury. Assistant District Attorney DiMichelle in APN notified ADA Rizzo in the Grand Jury that defendant still wished to testify. At some later point, ADA DiMichelle spoke with defense counsel and told her that defendant, being a juvenile, would not be produced in the Grand Jury since there was already an adult defendant there. ADA DiMichelle then requested that defendant waive CPL 180.80 rights so that he could testify on another day. After speaking with her client, defense counsel refused. The case was then presented and a vote was taken at approximately 4:55 p.m. ADA DiMichelle notified the court that an indictment had been voted. Thereafter, the case was adjourned to Part AA-1 for December 12, for the purpose of arraigning defendant on the indictment.
Defendant now claims that the indictment must be dismissed since the People failed to afford him his statutory right to testify before the Grand Jury.
It is the People’s position that since the Department of Correction would not produce a juvenile defendant and an adult defendant at the same time for Grand Jury testimony, they complied with their obligations under CPL 190.50 when they offered to hold the Grand Jury vote open if defendant agreed to waive his right to be released pursuant to CPL 180.80.
The law requires dismissal of an indictment upon the ground that the indictment is defective whenever defendant is not accorded an opportunity to appear and testify before the Grand Jury in accordance with the provisions of CPL 190.50. That section states in pertinent part:
"5 * * * (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney * * * a written notice making such request * * * In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein;
*787 "(b) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant * * * a notice that he will be heard by the grand jury at a given time and place. Upon appearing at such time and place, and upon signing and submitting to the grand jury a waiver of immunity * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration.” (Emphasis added.)
"The statute goes to considerable lengths to assure defendant the right to notice and to appear on his own behalf. In applying this statute, the courts have required nothing less than strict adherence to its mandates.” (People v Jones, 126 Misc 2d 104, 105.)
Defendant’s significant right to testify before the Grand Jury must be balanced against the administrative difficulties inherent in this process (e.g., the Department of Correction’s concern for the physical safety of juvenile defendants). It is, however, unjust to think that the only way for a juvenile defendant to testify before the Grand Jury is to have him agree to remain incarcerated longer than his adult counterpart. Given the fact that the People know well in advance that defendant is a juvenile and there will be difficulties producing him in the Grand Jury, there is absolutely no reason for them to wait until the eleventh hour in order to present the case. The People also have the seldom used option of requesting a felony hearing which would relieve them of the time restraints imposed by CPL 180.80. Unlike the situation where defendant is seeking to obtain a benefit for himself such as a plea bargain, where he can justifiably be expected to waive his right to release, it is unfair to expect a defendant to surrender his right to be released on his own recognizance in order to exercise his right to testify.
The People’s argument that defense counsel is responsible for the inability to have defendant testify is without merit. Here defendant was not produced by the Department of Correction until after the luncheon recess and an order to produce was signed by the court shortly after 3:20 p.m. Certainly, the People, not the defendant, are largely responsible for the delays encountered in this case and therefore responsible for denying defendant a reasonable time to exercise his *788 right to appear before the Grand Jury. Under such circumstances the indictment is defective and must be dismissed. (See, People v Gini, 72 AD2d 752; People v Hooker, 113 Misc 2d 159.)
Accordingly, defendant’s motion to dismiss is granted. The People are hereby granted leave to resubmit this case to the Grand Jury within 45 days.

 On that date, when the case was called, the following exchange took place in court between Mr. DiMichelle, the Assistant District Attorney, and defense counsel.
"bkidgeman: Recalling calendar number 33, James Wilson. The defendant is in.
"defense counsel: [regarding an inquiry about whether defendant wishes to testify before the Grand Jury] He does and also every witness has been here today [sic] I have been trying to reach A.D.A. Russo. He had been produced earlier and wishes to testify.
"the court: It is 3:20 already. Give me an order and I will sign it.
"defense counsel: Bryan Frankel just went down. [Thereafter the case was recalled.]
"ada: There is a notice of voted indictment on both defendants, QN13658/ 91 * * * Wilson is in.
"the court: Both matters are adjourned to AA-1, 12/12. Same bail conditions as to Wilson.
"defense counsel: There was an order to produce Mr. Wilson.
"ada: I will clarify it. She did. He is a juvenile and as such wasn’t produced after lunch. When he was, I was informed by Ms. Knight-Tai that he wanted to testify. I notified the Grand Jury of the fact that an order to produce was done. I was informed by the powers that be, that he would not be produced while the jury was there. I informed Ms. Knight-Tai and asked if she would waive 180.80 he could go. My understanding is that she ran it by the defendant and he refused. There was no alternative but to vote the case.”