OPINION OF THE COURT
Arthur J. Cooperman, J.
Defendant moves to dismiss the indictment charging him with rape in the first degree, rape in the third degree and sexual abuse in the second degree on the grounds that the District Attorney failed to accord him a reasonable opportunity to testify before the Grand Jury pursuant to CPL 190.50 (5) (c); 210.20 (1) (c); and 210.35 (4) and that he was not adequately apprised of the nature of the charges being presented against him.
*341 The sequence of events, which essentially are not in dispute, are as follows:
Defendant was arrested for the offenses of rape in the third degree and sexual abuse in the second degree on December 11, 1987.
He was arraigned in Criminal Court on December 12, 1987. The People served written notice pursuant to CPL 190.50 (5) (a) of their intention to present this matter to the Grand Jury and defendant served upon them written notice of his intention to appear and testify at the Grand Jury proceedings.
The matter was adjourned to Part AP-6 for December 17, 1987. On that date, the People made an application to the court for examination of defendant pursuant to CPL 730.30.
The examinations were completed and the reports made available on January 14, 1988. The matter was advanced on the calendar of Part AP-6 to January 15, 1988.
When the People became aware that the case had been placed on the calendar, they served notice pursuant to CPL 190.50 (5) (a) on the Legal Aid Society informing defendant that the charges would be submitted to the Grand Jury on the following day — January 15, 1988.
On January 15, 1988, the .Assistant District Attorney told the court that the case was then before the Grand Jury and asked defense counsel whether he wished his client to testify.
Defense counsel responded that he had not received any notice and that the oral notice received at the moment the case was before the Grand Jury was insufficient as a matter of law. He further advised that he had not yet had an opportunity to speak to his client. He asserted that if the People presented the case and an indictment resulted, a CPL 190.50 motion would be filed.
The prosecutor referred him to the written notice served on January 14, 1988, which receipt was acknowledged by signature of one "Stephen Hudson” and again inquired whether defense counsel wished his client to testify. The court interceded and declared, "He said he’s not going to answer that question because he doesn’t think he got a proper notice.”
An indictment was voted on January 15, 1988.
The mandates of CPL 190.50 are to be strictly adhered to and require the District Attorney to notify the defendant or his attorney of the prospective or pending Grand Jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.
*342 The concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case.
It has generally been held that the statutory notice one day prior to or on the same day as the Grand Jury presentation is insufficient time in which to require a defendant to exercise his right to appear and testify before the Grand Jury, especially in the face of defense counsel’s assertion that he had not yet had an opportunity to speak with his client who had been detained pursuant to CPL 730.30. (See, People v Gini, 72 AD2d 752; People v Singh, 131 Misc 2d 1094.)
A defendant is certainly entitled to consult with counsel concerning his prospective testimony and consider, with due deliberation, its effect on the proceedings. To force such a decision spontaneously or even overnight, over defendant’s objection, deprives him of his due process right to assist counsel in weighing the options and making an intelligent decision with respect to his appearance as a witness before the Grand Jury (see, People v Jones, 126 Misc 2d 104).
Under the circumstances, defendant was not given a reasonable time to exercise his right to appear.
The remedy for a violation of CPL 190.50 (5) (a) is provided in paragraph (c) of said subdivision, as follows: "(c) Any indictment * * * obtained or filed in violation of the provisions of paragraph (a) * * * is invalid, and, upon a motion made pursuant to section 170.50 of section 210.20, must be dismissed”.
Dismissal of the indictment is required at this juncture. However, counsel’s lack of communication and cooperation herein has brought about this result.
The rights of both the defendant and the People could have been preserved and unnecessary motion practice avoided if either side, having already exchanged proper notices, had openly discussed a reasonable adjournment of the proceedings. Thus, only one Grand Jury would have been necessary, witnesses would have been imposed upon but once, and defendant would have had a reasonable and meaningful opportunity to explain the charges against him in the first instance.
The People also argue that, in any event, CPL 190.50 notice was not required pursuant to CPL 730.40 (3) which provides: "When a local criminal court has issued an order of examination or a temporary order of observation, and when the charge or charges contained in the accusatory instrument are subsequently presented to a grand jury, such grand jury need not *343 hear the defendant pursuant to section 190.50 unless, upon application by defendant to the superior court that impaneled such grand jury, the superior court determines that the defendant is not an incapacitated person.”
It is their position that since a Justice of the Supreme Court did not confirm the psychiatric reports and declare defendant fit to proceed until February 18, 1988, they were under no obligation to accord defendant his rights under CPL 190.50. While ordinarily that argument is correct, it is contrary to their position with respect to CPL 190.50.
The court finds that by serving the CPL 190.50 notice, the People have waived any argument they might have had under CPL 730.40. In effect, by doing so, they have acknowledged that defendant was fit to proceed and had the right to appear and testify before the Grand Jury in spite of the then unconfirmed findings that he was not an incapacitated person (cf, People v Searles, 79 Misc 2d 850).
In view of the court’s decision, defendant’s other arguments are academic at this time.
Accordingly, the indictment is dismissed with leave to resubmit.