OPINION OF THE COURT
Patrick D. Monserrate, J.
Counsel for the defendant has moved for the dismissal of *346 the first and second counts of the referenced four-count indictment on the ground that the District Attorney for Broome County failed to provide adequate notice of the Grand Jury presentation relating thereto as would have afforded the defendant a reasonable time to exercise his right to appear as a witness in that proceeding (CPL 190.50 [5] [a]; 210.20 [1] [c]; 210.35 [4]).[1]
An evidentiary hearing on the motion was held on December 19, 1990.
FACTUAL BACKGROUND
On September 21, 1990 the defendant was arrested by members of the New York State Police on charges that he had forcibly sodomized a 31-year-old woman in Cortland County on or about September 1st.
On September 26th he was arraigned in a local criminal court in Cortland County (the Town Court of Marathon) for the class B felony crime of sodomy in the first degree (Penal Law § 130.50 [1]). The Public Defender for Cortland County, James J. Woods, Esq., was assigned to represent the defendant and the latter was remanded to the Cortland County Jail.
Under date of the 27th an Assistant Cortland County District Attorney directed a letter to the defendant at the jail (copied to Mr. Woods) informing him that his case would be presented to a Cortland County Grand Jury "in the near future”, advising him of his right to testify before that body, and giving him some 13 days ("by noon on Wednesday, October 10, 1990”) to advise the District Attorney of his wishes in that regard.
Under date of October 5th a return letter from Mr. Woods to the assistant prosecutor acknowledged receipt of his letter and advised him that the defendant was "presently a patient in the psychiatric unit of the V.A. Hospital in Syracuse” (apparently related to a referenced "lengthy history of Post-traumatic Stress disorder [sic] stemming from Vietnam experience”) and that, as his attorney, Woods was "not able to advise you at the present time as to whether or not he would appear before the Grand Jury.”
The next contact which Woods had concerning a Grand *347 Jury presentation of the case against his client came not in October but in November, not in writing but by telephone, and not from the Cortland County District Attorney’s Office but from that in adjacent Broome County. By a November 5th phone call, Kevin P. Dooley, the Chief Assistant District Attorney for Broome County, advised Woods that (theretofore unbeknownst to him) the respective prosecutors had conferred about the case, had determined that the physical scene of the alleged crime was so close to their common geographic boundary that either office would have prosecutorial jurisdiction (CPL 20.40 [4] [c]), that the Cortland District Attorney had deferred to his Broome counterpart, and that the case was being readied for Grand Jury presentation in Broome County.[2]
For his part, Woods advised the prosecutor of his client’s continuing hospitalization (with its attendant difficulties of client communication) and that if, as he was now being told, the matter was to become a "Broome County case” he could no longer represent the defendant since his authority as Public Defender was limited to criminal cases prosecuted in Cortland County.
While expressing some sympathy with the professional situation in which Woods found himself, Dooley concluded that he was "just notifying you.”
On Wednesday, November 7th — the next business day since the intervening Tuesday was the annual Election Day holiday —Woods received a form notice from the Broome County District Attorney advising him, as "attorney for defendant”, that the Grand Jury presentation would occur in Binghamton on November 8th, with no time of day being mentioned. The notice went on to recite that if the defendant wished to appear as a witness on his own behalf he should give written notice to that effect to the District Attorney for Broome County "prior to the date specified above”.[3]
*348 Woods immediately dispatched a Wednesday letter to the District Attorney reiterating that which he had told Dooley on Monday about his client’s continuing hospitalization and his own imminent discontinuing legal representation due to the change of prosecutorial venue.
Dooley acknowledged that his office received the Woods letter on the 8th — the same day on which the case was presented to a Grand Jury and the subject indictment was filed with the Broome County Court.[4] The first and second counts thereof charged the defendant with separate acts of forcible sodomy (in a vehicle and in a building) upon the same woman and arising from the same transaction for which he had been arraigned in the local criminal court in September.
CONSIDERATION OF THE MOTION
While the requirement of a "Grand Jury notice” to a New York defendant in a pending felony prosecution is not among the "notice” requirements associated with constitutional due process (US Const 5th, 14th Amends; NY Const, art I, § 6; People v Grey, 135 AD2d 1031 [3d Dept 1987]), nonetheless it has been mandated by the Legislature for a purpose. "This section accords the defendant the right to be notified of a Grand Jury proceeding against him and an absolute right to appear before that body provided two conditions are satisfied: (1) the defendant must have been arraigned upon an as yet undisposed of felony complaint, and (2) he makes a 'proper request’ (and executes a waiver of immunity). (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, pp 278-279.)” (People v Leggio, 133 Misc 2d 320, 322 [Sup Ct, NY County 1986]; emphasis added.)
It is obvious that the statutory provision is intended to give a defendant some opportunity for evidentiary input in the process which so vitally concerns him/her. More than some pro forma exercise in paper shuffling, the notice to a defendant of his statutory right to give Grand Jury testimony on his behalf may — if a defendant decides to avail himself of it— have a profound impact on his case. Experience instructs that a Grand Jury appearance by a defendant may — as it often has —lead to his complete exoneration or to being charged with *349 less serious offenses by the Grand Jury which hears his case, and which hears him. The point to be made is that the right at hand is a matter of substance, not of mere form.
Two factual circumstances in the present case — one dealing with the adequacy of the notice, the other with the reasonableness of its timing — persuade the court that the defendant’s motion should be granted.
Save for the abortive last minute stab at personal service, the District Attorney (hereinafter for Broome County) sought to fulfill his statutory duty by notifying exclusively the defendant’s attorney of the Grand Jury presentation. That choice carries with it a concomitant duty of reasonable care to assure that the attorney notified is, in fact, the attorney for the defendant. In the case at bar the District Attorney had at least three days’ actual notice (through the Dooley-Woods conversation) that the decision to move the case to Broome County (of which Woods learned during the same conversation) meant that Woods would not — could not — continue to represent the defendant on any resulting Broome County indictment, or the Broome County Grand Jury presentation that would precede it.[5] When a District Attorney has sufficient information to suggest that the "notice attorney” is not, in fact, the defendant’s attorney he does not comply with the law by ignoring that information and proceeding as if the circumstance did not exist or he was not aware of it (People v Jordan, NYLJ, Aug. 12, 1988, at 21, col 5 [Sup Ct, Queens County 1988]).
Secondly — and the more compelling reason — the facts here presented do not permit the conclusion that the Grand Jury notice by the District Attorney to the defendant’s attorney (even if he was, by then, "his attorney”) was given sufficiently in advance of the event to "accord the defendant a reasonable time to exercise his right to appear as a witness” (CPL 190.50 [5] [a]; People v Eiffel, 139 Misc 2d 340 [Sup Ct, Queens County 1988]; People v Massard, 139 AD2d 927 [4th Dept 1988]).
The notice here may have been as little as one day and concededly was no more than three days (with an intervening *350 holiday). What "reasonable” opportunity did that give Woods to communicate with and advise his hospitalized, medicated (competent?) client? Of what effect on that advice would have been the knowledge (obtained only on the 5th) that the case was now to be presented to grand jurors in a different county by a different prosecutor’s office?[6] And what could the defendant have been told in November about his right to have his attorney accompany him before the Grand Jury in Broome County (CPL 190.52), when the only attorney whom he had by that point was precluded by the terms of his appointive office from representing him on matters outside Cortland County?
Too many questions. All arising from the artificial "crisis” created by the District Attorney’s decision — for unstated reasons — to proceed, come what may, to the Grand Jury on that particular Thursday in November.
In the interest of proceeding against the defendant with requisite fairness at every stage, a re-presentation of the matter to another Grand Jury — of which he is given fair notice and prior to which he has a fair opportunity to confer with his current counsel — will afford the defendant the benefit which the law intended for him: a fair opportunity to appear with counsel as a Grand Jury witness.[6]
[7]
COMMENT
At an informal prehearing chambers conference with counsel, the Chief Assistant District Attorney used the opportunity to admonish the court that the granting of the defendant’s motion would result in additional stress for the complaining witness through her being required to endure yet another Grand Jury presentation.
The advice is better taken than given.
*351 The court is at least as mindful as the prosecutor of the often tortuous and traumatic path which victims of violent crimes are asked to traverse if justice is to be achieved in their cases. Fairness to those victims is a desirable end, but not through the means of unfairness to those whom they accuse.
Viewed from a broader perspective, prosecutors are in a better position than the courts to assure that pretrial proceedings — particularly those involving Grand Juries — are conducted in such a way as to minimize distress to crime victims. That laudable cause is no better served by failure to scrupulously observe the legal requirements for notifying the accused of the prospective Grand Jury proceeding against him than by presentations of law or evidence to those bodies which are so heavy-handed as to be consummately unfair.
When courts are required to dismiss indictments occasioned by such prosecutorial nonfeasance/misfeasance — and perhaps require/permit a repetition of the process — it is arguably not they who need reminding of the breadth and depth of their oath of office.
CONCLUSION
For the reasons given, the defendant’s motion to dismiss the first and second counts of the referenced indictment should be granted (CPL 190.50 [5] [a]; 210.20 [1] [c]; 210.35 [4]), with leave to the District Attorney for Broome County, upon reasonable notice to the defendant and/or his attorney, to represent to another Grand Jury evidence concerning the matters involved therein (CPL 210.20 [4]).

. The third and fourth counts of the indictment are not involved here since they pertain to unrelated 1988 crimes for which no local criminal court proceedings were initiated and therefore no "grand jury notice” to the defendant or his attorney was required.

. Mr. Woods, testifying first at the hearing, recalled no specific date and time for the Grand Jury presentation being given during the Monday phone call. Having heard that testimony as a courtroom spectator Mr. Dooley confidently testified to having told Mr. Woods that the case was to be presented on the following Thursday (Nov. 8th) at 11:00 a.m. The discrepancy is relatively unimportant since one fact is clear: no one (the defendant or Mr. Woods) was notified before November 5th of the date of the Broome County proceeding. The written notice to Mr. Woods which followed Mr. Dooley’s phone call bore that same November 5th date.

. Though on its face the notice was directed also to the defendant (at the "Cortland County Jail”), it was concededly never delivered to him. *348 During his hearing testimony Mr. Dooley described an unsuccessful 11th hour attempt to have the defendant personally served with a copy of the notice by a member of the State Police.

. Ordered transferred to this court on December 3rd pursuant to IAS assignment.

. This knowledge, certainly within the ken of the Cortland County District Attorney, must be imputed to the Broome County District Attorney from that point in time — between the Gilhooley letter of September 27th and the Dooley phone call of November 5th — when the two prosecutors decided that the case would be continued in a different jurisdiction than where it had begun.

. The "geography” of a Grand Jury presentation — where and by whom —could well be a substantial factor in deciding whether an appearance by a defendant is advisable, or not.

. Current counsel for the defendant has advised the court on oral argument that his client — now confined in the Broome County Jail — would in fact avail himself of that opportunity if the present motion were granted. While such a decision is not a legislative precondition to the granting of motions of this type — and therefore should not be made so by judicial fiat (compare, People v Lynch, 138 Misc 2d 331 [Sup Ct, Kings County 1988], with People v Garcia, NYLJ, Oct. 5, 1989, at 23, col 2 [Sup Ct, NY County 1989]) — it perhaps is a factor fairly to be considered to the extent that courts are required by the statute to determine the reasonableness of the opportunity to testify which the defendant was/was not given in the first instance.