■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ABDULLAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 13, 1989, convicting him of conspiracy in the fifth degree, scheme to defraud in the first degree, grand larceny in the second degree (12 counts), grand larceny in the third degree (four counts), attempted grand larceny in the second degree, criminal possession of a forged instrument in the second degree (24 counts), offering a false instrument for filing in the first degree (26 counts), and offering a false instrument for filing in the second degree (2 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's right to testify before the Grand Jury is set forth in CPL 190.50 (5) (a), which provides that "[w]hen a criminal charge against a person is being or is about to be submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request". This right is absolute and the statute contemplates "actual" rather than technical notice to the defendant reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit the defendant to exercise his or her right to testify. This concept of reasonableness is not stagnant and must be applied to the particular facts of each case *(see, People v Jordan,* 153 AD2d 263).

The defendant communicated with the prosecution by letter dated October 17, 1987, indicating a willingness to assist in the investigation. The People responded by notifying his counsel both orally and through written correspondence of three dates during which he could testify. However, by letter dated February 10, 1988, the defendant's counsel informed the District Attorney that the defendant accepted his advice and decided not to waive immunity and not testify before the Grand Jury. Since actual notice to a defendant is contemplated by the statute and, even on appeal, the defendant does

not dispute that he received actual notice, there is no merit to his contention that he was denied his statutory right to testify before the Grand Jury.

We reject the defendant's unsubstantiated contentions, belied by the court records, the prosecution's affirmation, and the testimony of both the defendant and his new counsel at the hearings on this issue, that additional requests to testify were ever timely served upon the District Attorney's office. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.