OPINION OF THE COURT
Evelyn L. Braun, J.
Defendant Anthony Perez is charged in the indictment with *957 having committed the crimes of criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree.
He has moved this court for an order dismissing the indictment on the ground that he has been denied his right to testify before the Grand Jury.
Based on the written submissions, and an examination of the court file, the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On September 25, 1992, defendant was arraigned on a felony complaint charging him with having committed the crimes for which he was subsequently indicted in addition to the crime of criminal possession of a weapon in the second degree.
At the arraignment, the People served statutory notice that the case would be submitted to the Grand Jury on September 29, 1992 and defendant served reciprocal notice of his intention to testify.
The case appeared in Part AP-6 of the Criminal Court on September 29, 1992, and, there having been no Grand Jury presentment, the matter was adjourned until September 30, 1992.
The notation on the court file of September 30 indicates that "defendant will testify”.
The court then adjourned the case to December 21, 1992 which was the date already set for one of the codefendants on the case.
The People assert that they presented the People’s case on September 30, 1992, leaving it open for the purpose of receiving defendant’s testimony.
Both sides concur that on October 1, 1992, the prosecutor contacted defense counsel and was advised by defense counsel that defendant was at school and could not be contacted but that he still wished to testify. They agreed that if defense counsel was unable to produce him before the Grand Jury in the afternoon of October 1, she would arrange for his appearance on October 2. The prosecutor said she would wait until that time.
There is a conflict, however, with respect to what transpired thereafter. The People claim that on October 2, 1992, the *958 prosecutor made several attempts to locate defense counsel. She ultimately spoke to defense counsel who told her that defendant would not testify. The indictment was voted in the afternoon of October 2, 1992.
Defense counsel contends that when she spoke to the Assistant District Attorney on October 2, 1992, she told her that she had been unable to contact defendant, but that he still wished to testify.
The prosecutor indicated she would present the case for a vote without defendant’s testimony.
CONCLUSIONS OF LAW
When a Grand Jury is considering or is about to consider charges against a person and that person gives the District Attorney written notice of his intention to testify before the Grand Jury, then that "person has a right to be a witness” in that Grand Jury proceeding, and the District Attorney must accord that person "a reasonable time to exercise his right to appear as a witness therein” (CPL 190.50 [5] [a]).
Here, defendant concededly gave timely and proper notice of his intention to testify before the Grand Jury that ultimately indicted him.
In order to discharge their statutory obligation, the People must then advise a defendant of the date of a Grand Jury proceeding and any subsequent date to which the proceeding is adjourned (see, People v Martinez, 111 Misc 2d 67).
It has been held that a defendant may waive his right to appear by failing or refusing to appear before the Grand Jury in response to the People’s notification or by failing to indicate in any manner that he desires to appear and testify before the Grand Jury (People v Ferrara, 99 AD2d 257; People v Theard, 155 Misc 2d 475; People v Lattanzio, 134 Misc 2d 469).
On the other hand, the People must accord a defendant a reasonable time to exercise his right to appear as a witness at a prospective Grand Jury proceeding (People v Evans, 79 NY2d 407).
The concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case (see, People v Jordan, 153 AD2d 263).
It is undisputed in the instant case that defendant received notice on September 25, 1992 of a prospective Grand Jury presentation scheduled for September 29, 1992.
*959 In arguing the inadequacy of the notice, defendant focuses on the fact that the prosecutor contacted his counsel on October 1 and advised her that he could testify on that day or October 2. Citing, inter alla, People v Gini (72 AD2d 752) he argues that same day or one-day notice is insufficient to accord a defendant a reasonable time to exercise his right to appear as a witness.
The purpose served by the statutory requirement that a defendant be given a reasonable time to exercise his right to appear is to allow defense counsel adequate time to communicate with and advise his client (see, People v Goldsborough, 150 Misc 2d 345) and to assure that a defendant will not have to make a spontaneous or even an overnight decision regarding his appearance and testimony (see, People v Eiffel, 139 Misc 2d 340; People v Jones, 126 Misc 2d 104).
Here, unlike the defendants in People v Eiffel (supra) or People v Goldsborough (supra) defendant had ample time to discuss with counsel the benefit of testifying, his prospective testimony and consider, with due deliberation, its effect on the proceedings, having received notice on September 25, 1992 of the People’s intention to submit the matter to a Grand Jury.
The People acted properly in advising defendant of the October 1 and October 2 dates. They did not go forward until they spoke to defense counsel and inquired about the whereabouts of defendant. These actions were sufficient to fulfill their statutory mandate that defendant be accorded a reasonable time to exercise his rights to appear before the Grand Jury as a witness.
The instant case is distinguishable from People v Young (137 Misc 2d 400) where the People refused to grant defendant’s first request for a three-week adjournment at which time defense counsel would be available. Here, the People were, in effect, being asked to wait indefinitely for defendant’s appearance since counsel gave no indication as to when defendant would become available or when she would be able to contact him. There had been at least one previous request for an adjournment and the Grand Jury had already heard testimony on the case.* A protracted delay would have resulted in undue prejudice to the People.
Therefore, the court finds that where a defendant is given *960 notice of a Grand Jury presentation, it is incumbent upon him to maintain contact with his attorney and remain available to exercise his right. His failure to do so, provided he had received reasonable notice of the presentation, and the People have made reasonable efforts to contact counsel, is tantamount to a waiver of his right pursuant to CPL 190.50 (see, People v Ferrara, supra).
Accordingly, in the instant case, defendant’s right to testify prior to the vote of the Grand Jury was not abridged since he was afforded the right to testify on both October 1 and October 2, prior to any vote by the Grand Jury and knew of the People’s intention as of September 25, 1992 (see, People v Evans, 79 NY2d 407).
In view of the foregoing, whether defendant withdrew the notice of his intention to testify or whether defendant reaffirmed his desire to testify on October 2, 1992 is of no moment.
Accordingly, defendant’s motion to dismiss the indictment is denied.

 The entry to the court file of September 30 contained a notation indicating that "defendant will testify”. It is not clear whether defendant was present or was told that the matter was proceeding that day.