OPINION OF THE COURT
Alan D. Marrus, J.
On March 22, 1996, the defendant was arraigned on a felony complaint charging him with murder in the first degree and *799 related charges. At the arraignment, the District Attorney-served the defendant notice of an intention to present the case to a Grand Jury. The defendant, represented by the Capital Defender’s office, served the District Attorney with written reciprocal notice of the defendant’s intent to testify before the Grand Jury. The defense also served upon the District Attorney a written request that the Grand Jury proceedings be stayed "until such time as the defense can reasonably and effectively make a presentation to the grand jury”. (Letter from Capital Defender’s office to District Attorney, Mar. 22, 1996.) The letter cited "the novel legal issues and complex factual circumstances typically involved in capital litigation”, and counsel’s need to "have time to investigate properly the case in order to competently advise the defendant whether or not to testify”. (Ibid.) The defendant’s letter indicated that he was willing to waive release under CPL 180.80 "as long as necessary to complete the grand jury presentation”. (Ibid.)
Three days later, on March 25th, the defendant served a written request upon the District Attorney for, among other items, exculpatory and mitigating evidence, the specific theory of capital murder, a list of proposed instructions for the Grand Jury, and separate Grand Jury presentations for the defendant and his codefendant. A list of the defendant’s proposed Grand Jury instructions accompanied the letter.
On that same day, March 25th, the District Attorney informed the defense that time had been reserved for the defendant to testify in the Grand Jury and that the Grand Jury’s term would be ending on March 29th, four days later. The defendant stated he was not prepared to testify and declined to estimate when he would be prepared to testify.
On the following day, March 26th, the District Attorney notified the defense in writing that time had been reserved for the defendant to testify on March 29th at 11:30 a.m. The District Attorney requested that the defense notify him by 3:30 p.m. on March 28th so that he could have detectives transport the defendant from his jail facility to the Grand Jury to testify on the morning of March 29th.
Also on March 26th, the parties appeared in this court to outline their respective positions regarding submission of this case to the Grand Jury. The District Attorney informed the court that there was a codefendant who had not waived his CPL 180.80 rights and that the defendant would be permitted *800 to testify on any one of three dates — March 27th, 28th, or 29th. The defendant claimed that he would not be ready to testify within that time period. The District Attorney sought a ruling that the defendant had waived his right to testify, but the court declined to rule prior to an indictment having been voted and a motion to dismiss by the defendant.
On March 28th, the defense sent another letter to the District Attorney restating its position that the defendant was not being given an adequate amount of time to prepare his presentation to the Grand Jury. The next day, the last of the Grand Jury’s term, the District Attorney submitted charges to the Grand Jury and the defendant was indicted for murder in the first degree and related charges.
The defendant was arraigned on the indictment on April 8th and timely filed his motion to dismiss on the ground that his right to testify in the Grand Jury was violated. The issue which the court must decide is thus squarely presented: Is seven days a reasonable period of time for a defendant in a capital case to exercise his right to testify before the Grand Jury that is hearing evidence in his case?
The law mandates that the District Attorney "accord the defendant a reasonable time to exercise his right to appear as a witness” before the Grand Jury. (GPL 190.50 [5] [a].) "To discharge his statutory obligation, the District Attorney must clearly advise a defendant of the specific time, date and place of the prospective Grand Jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”. (People v Jones, 126 Misc 2d 104, 105 [Sup Ct, Kings County 1984]; see, People v Evans, 79 NY2d 407, 412-413 [1992].) "The concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case”. (People v Taylor, 142 Mise 2d 349, 351 [Sup Ct, Queens County 1989].) "It is well settled, moreover, that the District Attorney in dealing with the Grand Jury 'owes a duty of fair dealing to the accused’ * * * and that the courts, by virtue of the Grand Jury’s role as 'an "arm of the court” ’ * * * similarly maintain an obligation to ensure fairness in Grand Jury submissions”. (People v Jordan, 153 AD2d 263, 267 [2d Dept 1990].)
Applying these principles to the case here, it is evident that the District Attorney clearly and unequivocally notified the defense of the Grand Jury proceeding and, upon receipt of the defendant’s cross notice of an intent to testify, clearly and unequivocally made time available for the defendant to testify prior to submission of the charges for a vote. Was the seven- *801 day period, from March 22nd to March 29th, sufficient to qualify as a "reasonable opportunity” for the defendant to exercise his right to testify? Although there is no magic number of days that a prosecutor must accord a defendant to satisfy the statute, seven days would, standing alone, appear to offer a sufficient opportunity for a defendant to make this determination. While one day’s notice has been held to be insufficient time to require a defendant to exercise his right to appear and testify before the Grand Jury (People v Taylor, supra, citing People u Gini, 72 AD2d 752, and People v Singh, 131 Misc 2d 1094), four days’ notice has been upheld as a reasonable period of time. (People v Pugh, 207 AD2d 503 [2d Dept 1994]; People v Perez, 158 Misc 2d 956 [Sup Ct, Queens County 1993].)
The defendant contends, however, that the seven-day period is not reasonable under the circumstances of this case, essentially because capital charges are involved and the defendant may face the death penalty. The defendant has properly reminded this court of the need for a sense of "heightened due process” in death penalty cases. While the potential for death as a punishment for the defendant should result in greater scrutiny of a case, it should, nevertheless, not result in undue delay in the resolution of that case. The principle that "justice delayed is justice denied” applies to both noncapital and capital cases.
Here the defendant and a codefendant were being held in custody on a robbery and felony murder charge. Although the defendant waived release on the CPL 180.80 day, his codefendant did not. The Grand Jury term expired one week after both defendants were arraigned. The District Attorney would, therefore, have had to present most of the same evidence in the case to two different Grand Juries or extended the term of the Grand Jury to some indefinite date in the future for the defendant’s case alone when the Grand Jury’s term expired on March 29th. The general claims advanced by the defendant that this case involves "novel” or "complex” issues, that more time was needed to investigate, and that the defense needed to know what instructions the District Attorney intended to give the Grand Jury, simply do not warrant delay of a Grand Jury proceeding. A District Attorney’s refusal to delay indefinitely a Grand Jury proceeding based on nebulous reasons offered by a *802 defendant in a capital case is a proper exercise of prosecutorial discretion.
The defendant’s motion to dismiss on this ground is, therefore, denied.