OPINION OF THE COURT
Herbert J. Lipp, J.
Defendant is charged with criminal sale of controlled substance (Penal Law § 220.44) et al. Defendant filed a motion, pursuant to CPL 210.20 (1) (c) and 210.35 (4), seeking dismissal of the instant indictment, due to an alleged denial of his right to testify before the Grand Jury (CPL 190.50 [5]). The People filed an answer in opposition. This court issued a preliminary decision, dated March 27, 1997, ordering an evidentiary hearing to resolve certain questions of fact. Defendant subsequently filed a reply and supplemental affirmation in support of his motion to dismiss. A conference was held, in my chambers, on April 23, 1997, in which both attorneys stipulated to the underlying facts. Following said conference, the People filed a memorandum of law in support of their answer in opposition to defendant’s motion.
Findings of Fact
Defendant, a three-time felony offender and a State parolee, was arrested on December 4, 1996 and charged with several felony drug offenses. On December 5, 1996, defendant served a written reciprocal Grand Jury notice on the Kings County District Attorney, exercising his right to testify before the Grand Jury (see, CPL 190.50 [5] [a]). The Criminal Court Arraignment Judge set bail and adjourned defendant’s case until December 10, 1996, in accordance with CPL 180.80. On December 10, 1996, the Assistant District Attorney conducting the Grand Jury investigation produced his witnesses in anticipation of presenting his case to the Grand Jury. Defendant’s attorney, however, notified the Grand Jury Assistant that defendant was willing to waive the statutory requirements of CPL 180.80 until December 16, 1996, in order to engage in plea negotiations (see, CPL 180.80 [1]).
On December 16, 1996, defendant’s attorney telephoned the assigned Assistant and informed him that the defendant was interested in entering a drug program. The case was adjourned, on consent, until the following day to enable the defendant to be interviewed by representatives from the TASC drug treatment program. On December 17, 1996, the case was again *460 adjourned until December 26, 1996, for an eligibility determination by TASC. On December 19, 1996, defendant’s attorney informed the Grand Jury Assistant that defendant was ineligible for TASC based upon his prior violent felony conviction. The defendant was subsequently released on his own recognizance, over the People’s objection, pursuant to a writ of habeas corpus. On December 26, 1996, defendant appeared before the criminal court and received an additional adjournment, until January 15, 1997, to attempt to persuade the TASC program to accept him.
On January 8, 1997, a second Assistant District Attorney telephoned defendant’s attorney and left two messages on counsel’s voice mail informing him that the Grand Jury presentation against the defendant was set to begin and defendant was scheduled to testify on January 14, 1997, at 2:30 p.m. The prosecutor also sent the defendant and his attorney certified letters informing each of the scheduled time for defendant’s Grand Jury appearance. On January 9, 1997, defendant’s attorney requested and received an extension for defendant’s testimony until January 15, 1997.
On January 14, 1997, the defendant was arrested and incarcerated for violating the terms of his parole. A preliminary hearing was scheduled for January 23, 1997. Defendant requested that counsel be assigned to represent him at the preliminary hearing.
On January 15, 1997, at approximately 1:00 p.m., defendant’s attorney telephoned the Grand Jury Assistant and informed him that counsel was unable to locate his client, despite the fact that the defendant was scheduled to testify that afternoon. At approximately 2:00 p.m., the prosector informed defendant’s attorney that he would wait an additional two hours for the defendant and further requested defendant’s attorney contact him before 4:00 p.m. Defendant’s attorney did not return the prosecutor’s telephone call. At 6:34 p.m., the prosecutor telephoned defendant’s attorney and left a voice mail message informing counsel that despite the defendant’s nonappearance, the prosecutor had not instructed the Grand Jury on the charges. Defendant’s attorney did not return the prosecutor’s call. One week later, on January 22, 1997, the prosecutor instructed the Grand Jury on the charges and obtained a true bill.
Defendant did not testify before the Grand Jury and did not withdraw his written notice expressing his desire to testify before the Grand Jury.
*461 The pending indictment was filed with the court on January 28, 1997. A bench warrant was issued, on February 20, 1997, when defendant failed to appear for arraignment on the indictment. On March 6, 1997, the defendant was produced on an executed bench warrant and was arraigned on the pending indictment. Defendant filed the pending motion to dismiss on March 10, 1997.
Conclusions of Law
Pursuant to CPL 210.35 (4), a Grand Jury proceeding is defective and the indictment may be dismissed if "[t]he defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of section 190.50”. CPL 190.50 (5) (a) states, in part: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent * * * [T]he district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
It is undisputed that defendant filed and served written notice upon the District Attorney stating an address where communications may be sent. It is also undisputed that defendant was arraigned upon a currently undisposed of felony complaint. It is further undisputed that the Assistant District Attorney notified the defendant and his attorney of the prospective date of the Grand Jury proceeding.
What is left for the court to determine is whether the People accorded the defendant "a reasonable time to exercise his right to appear as a witness” (CPL 190.50 [5] [a]). "The concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case” (People v Taylor, 142 Misc 2d 349, 351; People v Johnson, 168 Misc 2d 798, 800). Notice provides a reasonable time for defendant to exercise his right to appear when it fairly apprises the defendant of the date he may testify and when it is provided sufficiently in advance of the scheduled date so as to afford the defendant a reasonable time to decide whether to testify (see, People v Greene, 195 AD2d 888 [rejecting defendant’s claim that notice was insufficient because it did not state "the precise time when *462 the case would be presented to the Grand Jury and a precise deadline within which to notify the prosecutor” of defendant’s intention to testify]; People v Abdullah, 189 AD2d 769 [defendant who received actual notice of Grand Jury proceedings was not deprived of right to testify]).
Applying these principles to the case herein, it is clear that the prosecutor unequivocally notified the defendant and his attorney of the Grand Jury proceeding and, upon receipt of the defendant’s notice of his desire to testify, clearly and unequivocally made time available for the defendant to testify prior to the submission of the charges for a vote. Not only did the prosecutor provide the defendant with notice of the Grand Jury proceeding and provide him with an opportunity to testify, the People also deferred presenting their case before the Grand Jury on December 10,1996 and consented to defense adjournments on December 16th, 17th and 26th to provide defendant the opportunity to enter a preindictment drug treatment program. On January 8, 1997, the prosecutor informed the defendant’s attorney that he was going to present the case to the Grand Jury and had scheduled time for the defendant to appear on January 14, 1997. Once again, the prosector agreed to extend the time for defendant to testify until January 15, 1997. Even though the defendant did not appear when he was scheduled to testify, the prosecutor still did not charge the Grand Jury until seven days later in an attempt to permit defendant to testify prior to a vote.
Was the seven-day period, from January 8th to January 15th, sufficient time to qualify as a "reasonable opportunity” for the defendant to exercise his right to testify? "Although there is no magic number of days that a prosecutor must accord a defendant to satisfy the statute, seven days would, standing alone, appear to offer a sufficient opportunity for a defendant to make this determination” (People v Johnson, supra, at 801; compare, People v Pugh, 207 AD2d 503; People v Perez, 158 Misc 2d 956 [four days’ notice is reasonable]; People v Gini, 72 AD2d 752; People v Taylor, 142 Misc 2d 349; People v Singh, 131 Misc 2d 1094 [one day’s notice insufficient]).
Accordingly, this court finds, based on all circumstances presented in this case, that the People provided the defendant with a "reasonable opportunity” to exercise his right to testify before the Grand Jury.
In his memorandum of law, defendant cites People v Evans (79 NY2d 407) and a number of lower court opinions for the proposition that defendant lacked the "requisite unambiguous *463 defiance of the processes of law so as to effect a forfeiture of his right to appear before the grand jury” (defendant’s memorandum of law, at 8).
The primary issue in People v Evans was "whether [the] defendants were deprived of their statutory right to appear and testify before a Grand Jury under CPL 190.50 (5) where, despite their written requests served on the People at their arraignments on felony complaints, the prosecutor nevertheless proceeded to present criminal charges to the Grand Jury in order to avoid the automatic and imminent consequences of the People’s failure to satisfy CPL 180.80” (supra, at 410). In each of the three consolidated appeals the defendant was incarcerated on the pending charges, had served a reciprocal CPL 190.50 (5) notice and was pending release pursuant to CPL 180.80. In two of the three consolidated appeals the defendants were not produced by the Department of Corrections on the "180.80 day”. The third defendant was produced before the Criminal Court Judge but was not produced to testify before the Grand Jury due to a lack of adequate court personnel. Despite the absence of testimony from any of the defendants, the People nevertheless obtained indictments on each defendant in order to avoid the consequences of CPL 180.80. The People subsequently offered each defendant the opportunity to testify before the Grand Jury prior to filing the indictment with the court. The Court of Appeals held that the defendants were within their statutory rights to refuse the People’s offer. "Our reading of CPL 190.50 (5) * * * warrants the conclusion that the Legislature intended that individuals who give timely notice reasonably prior to the prosecution’s presentment of evidence and prior to the Grand Jury vote on an indictment are entitled to testify before the vote” (People v Evans, supra, at 413).
In the pending matter, we are not faced with the situation where the defendant is being offered an opportunity to testify before the same Grand Jury panel that has previously voted an indictment against him. Although the prosecutor gratuitously chose not to charge the Grand Jury until January 22, 1997, the defendant was never in a position to make the decision which Evans (supra) ruled he shouldn’t have to make because the defendant never contacted his attorney, nor the prosecutor, to reassert his right to testify after his arrest by the Division of Parole. The Evans case is also distinguishable from the pending matter because the defendant herein had been released on the charges which were the subject of the *464 Grand Jury investigation and the prosecutor wasn’t motivated to obtain an indictment in order to keep the defendant incarcerated.
Despite the fact that the pending matter is not analogous to Evans (supra), defendant would have this court interpret Evans to establish an affirmative obligation on the People to produce the defendant for Grand Jury testimony even if they have no actual knowledge of his incarceration. Since that obligation is not contained within GPL 190.50, nor is such obligation promulgated by the Court of Appeals in People v Evans, this court will not hold the People responsible for producing the defendant on January 15, 1997, to enable him to exercise his statutory right to testify.
If the defendant was incarcerated by another law enforcement agency under the dominion or control of one of New York’s 62 county prosecutors, the defendant would have a stronger argument, from an equity standpoint, that the prosecutor herein shouldn’t be allowed to benefit from the actions of a fellow law enforcement agency which effectively thwarts defendant’s ability to testify before the Grand Jury. In the pending matter, however, the defendant was not rearrested by the police acting on the behalf of the local county prosecutor, but was arrested by the State Division of Parole for violating the terms of his parole. Our Court of Appeals recently ruled in People v Kelly (88 NY2d 248) that county prosecutors are not responsible, under People v Rosario (9 NY2d 286, cert denied 368 US 866), for records initiated and created by parole officers during the course of their official duties: "We are persuaded and satisfied that records of the State Division of Parole should not generally be deemed to be in the control of 62 county prosecutors, nor of any other prosecutorial office subject to the Rosario rule. The records at issue * * * were initiated and created by parole officers assigned to supervise the released individuals. This role is independent of the police investigations that ensued and supported new criminal charges against the defendants. As such, the parole interview records were 'in the possession of a State administrative agency,’ which is not 'within the control of a local prosecutor’ ”. (People v Kelly, supra, at 252 [citations omitted].)
The defendant’s apprehension and incarceration by the Division of Parole prevented him, as a practical matter, from testifying before the Kings County Grand Jury on the following day. Pursuant to People v Kelly (supra), however, the Division of Parole is an independent administrative agency that is *465 independent of the Kings County District Attorney. Since the Division of Parole is an independent agency that is not within the control of the Kings County District Attorney, the actions and knowledge of the Division of Parole regarding defendant’s incarceration will not be imputed to the Kings County District Attorney. Since the Kings County District Attorney was unaware that the defendant had been rearrested and incarcerated by an independent administrative agency, the District Attorney had no obligation to produce the defendant before the Grand Jury prior to obtaining a voted indictment.
Accordingly, defendant’s motion to dismiss the indictment, pursuant to CPL 210.20 (1) (c) and 210.35 (4), is hereby denied.