People v Distance (2025 NY Slip Op 51874(U))

[*1]

People v Distance

2025 NY Slip Op 51874(U)

Decided on November 25, 2025

Supreme Court, Kings County

Holderness, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, Kings County

The People of the State of New York

against
Xavantes Distance, Defendant

Ind. No. 73370-25

For the People: Joshua Harris, Esq., Kings County District Attorney's Office
For the Defendant: Victor Sanchez-Lloveras, Esq., Legal Aid Society

Carolina Holderness, J.

Defendant moves for an order dismissing the indictment pursuant to CPL § 190.50.
The People oppose.
For the reasons stated herein, defendant's motion to dismiss is GRANTED.
 Procedural History
On February 23, 2025, the defendant was arraigned on two felony complaints under dockets CR-008909-25KN and CR-008908-25KN. At arraignment, defense counsel, Christopher Street-Razbadouski of the Legal Aid Society ("LAS"), served cross-190.50 notice indicating the defendant's intent to testify before the Grand Jury. The People served a letter indicating they intended to present the case on February 26, 2025. Bail was set as to both dockets and the matters were adjourned to part AP1F on February 26, 2025, the CPL § 180.80 date, for Grand Jury action.
On February 25, 2025, the defendant posted an insurance company bond and was released on bail.
On February 26, 2025, the parties appeared in Part AP1F and the People announced that there had been no Grand Jury action. Defense counsel Street-Razbadouski re-affirmed cross-190.50 notice on the record, and the matter was adjourned to June 4, 2025 in Part AP1F for Grand Jury action.
Subsequently, Mr. Street-Razbadouski left the Legal Aid Society. On May 30, 2025, Victor Sanchez-Lloveras, also an attorney with LAS, replaced Christopher Street-Razbadouski as counsel for the defendant by filing a notice of appearance via Electronic Document Delivery Service ("EDDS").
Five days later, on June 4, 2025, the case was called on the record in Part AP1F. The defendant appeared with newly assigned defense counsel, Mr. Sanchez-Lloveras. The People announced that there had been no Grand Jury action, and the case was adjourned to the FD calendar on August 24, 2025 for dismissal. Cross Grand Jury notice remained in effect.
Six days later, on June 10, 2025, the People served a CPL § 190.50 letter, waiver of immunity and statements to two email addresses: (1) cstreet-razbadouski@legal-aid.org, the email address of prior assigned defense counsel Mr. Street-Razbadouski, and (2) kndiscovery@legal-aid.org, a designated electronic service email address for LAS. The letter indicated that the defendant was now scheduled to testify before the Grand Jury on June 16, 2025.
One week later, on June 17, 2025, the People began presenting this case to the Grand Jury, and the Grand Jury voted to indict the defendant on June 20, 2025.
On July 28, 2025, the defendant was arraigned upon the instant indictment and entered a plea of not guilty.
On July 30, 2025, the defendant filed this motion to dismiss, asserting that he was denied a reasonable opportunity to testify before the Grand Jury because the People sent electronic notice of the Grand Jury proceedings to the email address belonging to the prior attorney of record, who had left LAS. By papers dated September 4, 2025, the People opposed, arguing that the defendant was provided adequate notice of the Grand Jury proceedings because notice of the Grand Jury proceedings was served upon the LAS agency's designated electronic service email address. At a court appearance on October 17, 2025, the court indicated that it required additional information from the parties regarding the electronic service agreement between LAS and the Kings County District Attorney's Office ("KCDA"). That agreement was provided on October 23, 2025.

Relevant Law
A defendant's right to testify before the Grand Jury is established by CPL § 190.50(5)(a), which provides, in pertinent part, that "[w]hen a criminal charge against a person is about to be submitted to a Grand Jury, such person has a right to appear before such Grand Jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent."
While this right is statutory rather than Constitutional, it is also "absolute," and "the statute contemplates 'actual' rather than technical notice to the defendant reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit the defendant to exercise his or her right to testify." (People v Abdullah, 189 AD2d 769, 769 [2d Dept. 1993]). Where a defendant has timely served the People with notice of his desire to testify before the Grand Jury, as here, the People must accord him a reasonable opportunity to do so (see People v Sawyer, 96 NY2d 815 [2002]; People v Pugh, 207 AD2d 503 [2d Dept 1994]). What constitutes a reasonable opportunity is determined on a case-by-case basis (People v Sawyer, 96 NY2d at 816; People v Jordan, 153 AD2d 263 [2d Dept 1990]). This statute requires actual notice to the defendant, rather than technical notice, and it must be reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit the defendant to exercise his or her right to testify. (Abdullah, 189 AD2d at 769).
Once the People have given notice to the defendant and the defendant has indicated that he or she will testify, then the People must consistently act in good faith. (People v Torres, 2023 NY Slip Op 50364[U], 78 Misc 3d 1227[A], 186 N.Y.S.3d 797 [Sup Ct Queens County 2023]; People v Pelchat, 62 NY2d 97, 464 N.E.2d 447, 476 N.Y.S.2d 79 [1984]). The People's duty of good faith of requires that notice to the defendant be continuing so as to render meaningful the right to testify. (People v Martinez, 443 N.Y.S.2d 576, 579 [Sup Ct Queens County 1981]).

Discussion
At issue is whether the People's notice regarding the defendant's opportunity to testify before the Grand Jury was sufficient to constitute actual notice and was reasonably calculated to permit the defendant to testify when it was served by email on two email addresses: the email address [email protected] and the email address of the prior assigned defense attorney at LAS.
The People argue that "[i]nstitutional [p]roviders such as BDS and LAS have consented to this form of electronic discovery. (People's Response at 2). They further assert that, by serving defendant's original counsel, they satisfied their statutory obligations, particularly as subsequent counsel was employed by the same office.
The first question is whether the People's service of notice regarding the Grand Jury proceedings upon LAS agency's designated electronic service email, [email protected], was sufficient to provide the defendant with the opportunity to exercise his right to testify before the Grand Jury.
In People v Ejiaku, 82 Misc 3d 1221(A) (Kings County Sup. Ct. 2024), the court took judicial notice of the electronic service agreement executed by Nancy Hoppock, Chief Assistant District Attorney of Kings County, and Lisa Schriebersdorf, Executive Director of BDS. The agreement stated, in pertinent part, that "the Kings County District Attorney's Office (KCDA) and Brooklyn Defenders Services (BDS) mutually agreed to accept electronic service of items that require 'legal service' including, but not limited to, statements of readiness, certificates of compliance, motion, 190.50 notices and other legal papers requiring service" (Id.) (emphasis added). The letter further stated that "BDS agreed to accept service of such items via email sent to service@bds.org" and that "such service shall be valid service" (Id.) (emphasis added). The Ejiaku court determined that service of CPL § 190.50 notice upon the BDS agency's electronic service email address constituted adequate notice to the defendant of the Grand Jury proceedings in light of the mutually agreed upon terms of the electronic service agreement executed by BDS and KCDA, which explicitly stated that BDS would accept service of CPL § 190.50 notices through its designated electronic service email address. (See id.)
However, the terms of the electronic service agreement between LAS and KCDA differ from those of electronic service agreement between BDS and KCDA. This Court takes judicial notice of a letter dated October 16, 2023, signed by Nancy Hoppock, Chief Assistant District Attorney of Kings County, and Dawn Ryan, Attorney-in-Charge of the Criminal Defense Practice for the Legal Aid Society in Kings County, that memorializes the agreement between them regarding electronic service. The letter specifies that KCDA will serve Certificates of Compliance and Statements of Readiness to [email protected]. It further states that "KCDA will serve all motions and other documents that require legal service to the assigned LAS attorney's email." (emphasis added). The agreement states its terms "will apply to documents that require legal service and are served after March 25, 2021."
Thus, while the agreement between KCDA and BDS authorizes service of CPL § 190.50 notices to a general organizational email address, the agreement between KCDA and LAS requires service of such notice on the attorney of record. In light of the terms of the agreement, the Court cannot find that the notice served on the [email protected] email address constituted sufficient notice of to the defendant regarding the Grand Jury proceedings.[FN1]

The remaining question, then, is whether service on the prior defense counsel was sufficient. The People concede that they served notice upon prior defense counsel, Mr. Street-Razbadouski, but assert that they had "no notice that the case had been reassigned within Legal Aid to a new Legal Aid attorney[.]" (People's Response at 3).
Title 22 of the New York Codes, Rules and Regulations (NYCCR) section 200.5 provides that "[e]ach attorney appearing in a criminal action is required to file a written notice of appearance on or before the time of the attorney's first appearance in court or not later than 10 days after appointment or retainer, whichever is sooner...."
Here, counsel for the defendant, Mr. Sanchez-Lloveras, filed his notice of appearance with the Court five days prior to his first appearance on the case, which was on June 4, 2025. On the date of that court appearance, Mr. Sanchez-Lloveras appeared with the defendant on the record. As such, this Court is not persuaded that the People had no notice that the case had been reassigned to a different attorney within LAS. Accordingly, service by email on Mr. Street-Razbadouski is insufficient to satisfy the People's obligations.
The law requires "actual" notice, rather than "technical" notice, be provided by a defendant so that he or she has a meaningful opportunity to exercise the right to testify before a Grand Jury. The Court finds that actual notice has not been affected where the assigned attorney has not, in fact, been served and the terms of the agreement relating to electronic service require service on the assigned attorney. Under these circumstances, the Court does not find that the notice was reasonably calculated to apprise the defendant of the Grand Jury proceedings.
Conclusion
Accordingly, it is hereby ORDERED that:
The indictment is dismissed with leave to re-present.
The foregoing constitutes the decision and order of the Court. 
Dated: November 25, 2025
Hon. Carolina Holderness, A.J.S.C.

Footnotes

Footnote 1:This matter also differs from People v. Ejiaku in that there, the notice served at arraignment indicated that the case would be presented on the 180.80 day, and it was in fact presented on that date. The defendant was thus aware of the timing of the presentation based on the notice served at arraignment. Here, the case was arraigned in February but presented in June, several months after the original February date that the People had indicated on the 190.50 notice they served at arraignment.